E. G. James v. San Antonio & Aransas Pass Railway Company.

Decided February 10, 1909.

**1.—False Imprisonment—Arrest without Warrant—Breach of Peace.**

A peace officer, or any person, may, without warrant arrest one guilty of a breach of peace in his presence. (Code Crim. Proc., art. 247.)

**2.—Same.**

A station agent in whose presence a breach of the peace was committed in the waiting room of a passenger station, having the right to arrest without warrant, had the right to cause the offender to be so arrested by a policeman coming in a few minutes later, though the offense was not committed in the presence of the officer.

**3.—Evidence—Opinion—Public Disturbance.**

On the issue as to whether plaintiff had been lawfully arrested for a breach of the peace by cursing in the passenger waiting room of a railway station, it was competent for a witness to testify that ladies present shrunk back and appeared to hear the language, and that it was loud enough for them to hear.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*R. A. Ward,* for appellant.—An arrest for breach of the peace is justified only when warrant is issued or when such breach of the peace occurs, or is committed in the presence or view of the officer making the arrest. Pratt v. Brown, 80 Texas, 608; Parham v. Shockler, 73 S. W. Rep., 839; Brown v. Wallis, 100 Texas, 546, 101 S. W., 1068; King v. Brown, 100 Texas, 109; Horr & Bemis on Power to Enact, Etc., Municipal Police Ordinances, sec. 180.

Whether language used and the manner of its use is calculated to disturb the inhabitants of a public place or not, is a question for the jury to determine, and it was error for the court to permit the witness to give his opinion and conclusion. White's Penal Code, art. 334; Killer v. State, 25 Texas App., 225; McCandless v. State, 21 Texas App., 411; Wallace v. State, 33 Texas Crim. Rep., 178; Lumbkins v. State, 12 Texas App., 341.

*D. C. Bolinger* and *W. S. Baker,* for appellee.

Fisher, Chief Justice.—This is a suit by the appellant against the Railway Company for damages on account of alleged false imprisonment of the appellant at the instance of the Railway Company. It is substantially alleged that the appellant was a passenger of appellee, and while awaiting the departure of a train in the waiting-room of the depot at the city of Waco, Texas, and conducting himself in an orderly manner, appellee's ticket agent, in charge of appellee's depot

and waiting-room, caused appellant to be unlawfully arrested without a warrant by one of the policemen of the city of Waco. Of course, other facts are alleged which it is not important to notice.

Appellee pleaded a general denial, and that the appellant was guilty of an offense against the public peace in that he had loudly cursed and swore in the presence and hearing of passengers within the depot room, in a manner calculated to disturb the peace of the public as well as the passengers, and that the agent caused the appellant to be arrested by a policeman. It was alleged that the arrest was authorized by the statutes of Texas and an ordinance of the city of Waco.

The case was tried before the court without a jury, and judgment was rendered in favor of appellee to the effect that the appellant recover nothing by his suit.

There was evidence before the trial court to the effect that the appellant, while in appellee's waiting-room at the station in the city of Waco awaiting the departure of the train, cursed and swore in the presence of the ticket agent and of passengers, loud enough and in a manner calculated to disturb the inhabitants of such place; that a few minutes thereafter a policeman appeared on the scene, whereupon appellee's ticket agent directed the policeman to arrest the appellant, which was accordingly done. The arrest was made without a warrant.

In view of the disposition we make of the case, we find it unnecessary to consider those assignments that complain of the insufficiency and the unconstitutionality of the ordinance of the city of Waco in question, and also of article 249, Code of Criminal Procedure, upon which it is claimed the ordinance is based, for if we could concede that those objections are well taken, still we are of the opinion that, by force of article 247, Code of Criminal Procedure, the arrest of the appellant could be justified, although made without a warrant. That article provides that a peace officer or any person may, without warrant, arrest any offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. In the Criminal Code, under the heading of "Offenses against the Public Peace," we find article 334, which defines disturbances of the peace, which is to the effect that "if any person shall go into or near any public place, or into or near any private house, . . . and swear or curse . . . in a manner calculated to disturb the inhabitants of such public place, . . . shall be fined in any sum not exceeding $100." It is peculiarly the province of the trial court to settle the conflict of evidence upon the question as to whether the appellant was guilty, and there being evidence to justify the judgment rendered, it only remains to be seen whether the facts connected with the arrest came within the meaning of article 247, Code of Criminal Procedure.

There is no disputing the fact that the offense was committed in the presence of the ticket agent, and it is the theory of the appellant that, by reason of the arrest caused by the agent, the Railway Company was liable. It is true that the agent himself did not personally effect the arrest, but he was present and directed the officer, and he was the prime cause of it. Consequently, he is in the same attitude as if he had made the arrest himself; or, in other words, he is entitled to the same pro-

.tection afforded by the article quoted,· as if he had personally made the arrest. The few minutes time that elapsed from the time that the offense was committed to the time that the arrest was made would not affect his right to make the arrest. The officer did not appear upon the scene nor was the arrest made immediately at the time of the conclusion of the offense, but a very few minutes had elapsed until the arrest was made, and they were all in the waiting-room at that time.

Appellant's eighth assignment of error complains that the court erred in admitting the evidence of Frank Matthews, the ticket agent, to the effect "that they, a couple of ladies, shrank back as though something was going to happen, or, in other words, trouble was going to come up. When I saw the ladies they were shrinking back and appeared to hear distinctly. I think the tone was loud enough for them to have heard it. They were not more than 15 or 20 feet away." This evidence was objected to because it stated the opinion and conclusion of the witness. The witness had testified to the fact that appellant's voice was loud enough to be heard by the passengers present, and among the passengers present were the two ladies referred to. The actual effect of the language of appellant upon those that were present could be testified to, and if the witness observed the conduct of those present, or that they were disturbed, or that they were conducting themselves in a manner indicating that they were disturbed, it was proper for him to so testify.

Those assignments which raise questions of fact are disposed of by our findings of fact.

We find no error in the record and the judgment is affirmed.

*Affirmed.*