## ERNEST HARRIS v. THE STATE.

### No. 151.   Decided October 20, 1909.

**Disorderly House—Indictment—Transfer from District to County Court.**

Where the record showed that the indictment was found in the District Court, and there was no order of transfer from the District to the County Court, the conviction in the County Court could not be sustained.

Appeal from the County Court of Delta.   Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Newman Phillips,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges a misdemeanor. The record does not contain an order of transfer from the District Court to the County Court. There is an agreement of counsel to the effect that no such order existed, and that the indictment was in the County Court without such order of transfer. It is further agreed that the judgment should be reversed on account of the want of such order of transfer. Under the law this order of transfer is necessary to show the jurisdiction of the County Court attached, and to show authority in the County Court to try the case under an indictment, and where there is no order of transfer the conviction can not be sustained. All the authorities in Texas so hold and such is the settled law.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.