### FRANK RICHARDSON V. THE STATE.

#### No. 145.   Decided November 17, 1909.

**1.—Local Option—Continuance—Diligence.**

Where, upon trial of a violation of the local option law, the defendant was surprised and deceived by the testimony of the prosecuting witness, and thereupon made application for a postponement or continuance of the case so as to secure the testimony of the absent witness to contradict the State's witness with reference to the alleged sale of the whisky, the court should have granted the motion. Following Adams v. State, 10 Texas Crim. App., 677.

**2.—Same—Indictment—Transfer from District to County Court—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the indictment had never been transferred from the District to the County Court, such omission was fatal to the conviction.

**3.—Same—County Judge—Transcript.**

See opinion for confusion in the record on appeal as to the name of the county judge who presided at the trial.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. C. D. Mims.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and thirty days confinement in the county jail.

The opinion states the case.

*B. F. Amonette,* for appellant.—On question of court's refusal to grant new trial on motion for continuance: Covey v. State, 23 Texas Crim. App., 388; Browning v. State, 26 Texas Crim. App., 432; Peace v. State, 27 Texas Crim. App., 83; Self v. State, 28 Texas Crim. App., 398, and case stated in opinion.

On question of diligence in motion for continuance: Hammond v. State, 28 Texas Crim. App., 413; Simmons v. State, 26 Texas Crim. App., 514; Black v. State, 27 Texas Crim. App., 495.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant filed an application for a continuance. The absent testimony was material. There was no diligence shown. The indictment was filed in the County Court on March 20, 1908. The application for continuance was not made until the 20th of January, 1909. The reason for the want of diligence is accounted for by the following state of facts set out in the

application: It is alleged that the absent witness Mitchell was present at the time and place money was made up for the purchase of the whisky, if it was purchased. This occurred in front of G. H. King's grocery store in the town of Nacogdoches; that Mitchell furnished part or all of said money, and Mitchell will testify that defendant was not present at any time during the making up of said money, in front of King's store, as prosecuting witness alleges he will testify; that Mitchell will also testify, if present, that he was with Gunning, the prosecuting witness, all the time until said Gunning went into the wagon yard and secured the whisky, and that appellant was not in front of King's store or along said street or sidewalk in said town; that prosecuting witness did not pay appellant any sum or sums of money there at that time, and that the evidence of Gunning to the effect that he, appellant, sold the whisky to him is untrue, and that appellant had no way of finding out what the testimony of prosecuting witness would be until he informed appellant as above stated, and did not know that he would need the testimony of Mitchell, and that it was then too late to have process issued for Mitchell. He further alleges in the application that the testimony of the prosecuting witness, Gunning, was a surprise to him for the reason that Gunning, prosecuting witness, misled him to deception and by false statements; that appellant had frequently asked Gunning what he was going to swear and what his testimony would be and each and all the times Gunning informed appellant that he, Gunning, never bought or purchased any whisky from appellant; that the only whisky he ever got was the whisky left by the appellant for other parties; that the money paid appellant was money on witness' account due by witness to Seals & Brashers, and was not for any whisky purchased of defendant at that or any other time, and that appellant need not fret about it and he, Gunning would so testify. In this connection appellant's attorney made affidavit that he never had any knowledge of the facts that would be testified to by prosecuting witness Gunning as set forth in the application for continuance, until the 19th of January, 1909, when Gunning informed him and appellant of what his testimony would be and that at said time appellant's case had been called, it then being too late to have process issued and returned, and that this was the first time he had ever heard what witness' testimony would be and was the first opportunity he ever had to talk with him about the case. On the trial of the case the evidence was in sharp conflict as to the real transaction of the purchase and sale, Gunning swearing one way and appellant swearing the other.

It is contended by appellant that under circumstances of this sort he gave a sufficient legal excuse for not using more diligence, and that under the circumstances, being misled as he was by the State's witness, he was entitled to the continuance and upon the refusal of a

continuance, to a new trial. We are of opinion that his contention is correct and he should have been awarded another trial. See Adams v. State, 10 Texas Crim. App., 677.

We call attention to a fatal defect in this record which requires a reversal and dismissal of the case as the record is presented. The case was tried upon indictment and there is nothing in this record to show that the indictment was presented by a grand jury into the District Court or transfer had from the District Court into the County Court. Under all of our authorities this omission is fatal. A County Court cannot obtain an indictment otherwise than by a transfer from the District Court and there is nothing in the record, as before stated, to show that the indictment was presented in the District Court and transferred to the County Court.

There is another matter to which we desire to call attention. The caption shows that Hon. C. D. Mims was county judge and presided over the court and that it met on the 8th of January, 1909, and adjourned on the 6th of February with Honorable C. D. Mims as its presiding judge. The statement of facts is approved by F. P. Marshall as county judge. The bills of exception are signed by Marshall. There could not be two county judges in the same case, presiding over the same court, and if the Hon. C. D. Mims was presiding judge who tried the case, the Hon. F. P. Marshall could not also be presiding judge of the same court at the same time. There may be a mistake on the part of the clerk in setting out Marshall's name instead of Mims. At least there is a mistake somewhere.

The judgment is reversed and the cause is remanded with instructions to the County Court if there is not a transfer of the indictment from the District Court to the County Court, to dismiss the prosecution for want of jurisdiction.

*Reversed and remanded.*