### EPIFANIO SAMINO v. THE STATE.

#### No. 5020. Decided May 29, 1918.

**1.—Assault to Murder—Evidence—Arrest Without Warrant.**

Where, upon trial for assault to murder, the evidence showed that the defendant was guilty of disturbing the peace at the time the officer arrested him without warrant, and defendant committed an assault upon him, there was no error.

**2.—Same—Evidence—Identification.**

Upon trial of assault to murder, there was no error in admitting testimony by the officer assaulted to identify the defendant as the person who committed the disturbance of the peace for which the party assaulted attempted to arrest.

**3.—Same—Defendant as a Witness.**

When the defendant offered himself as a witness under article 790, C. C. P., and testified, although his testimony was only to support his plea of suspended sentence, he is in the attitude of any other witness and may be forced to give evidence against himself on cross-examination.

**4.—Same—Argument of Counsel—Rule Stated.**

When a defendant testifies, the State's counsel may comment upon any

Vol. 83 Crim.-31

omissions in his testimony or upon his failure to produce available and legal evidence. Following Battles v. State, 53 Texas Crim. Rep., 202, and other cases.

**5.—Same—Misconduct of Jury.**

Where defendant in his motion for a new trial claimed that one of the jurors was prejudiced against him and his entire race, but the trial court heard evidence and overruled the motion, there was no reversible error.

Appeal from the District Court of Sutton. Tried below before the Hon. C. B. Dubois.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars.

The opinion states the case.

*Wardlaw & Elliott,* for appellant.—Upon question of disqualification of jurors: Buriss v. State, 37 Texas Crim. Rep., 587; Derrick v. State, 30 Texas Crim. App., 10.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for assault with intent to kill Mr. Cook, a deputy sheriff of Sutton County, which included, of course, an aggravated assault. Upon trial he was convicted of an aggravated assault and fined $100.

The testimony was amply sufficient to show and to justify the jury to believe, as it evidently did, that appellant, in the town of Sonora, the county seat of Sutton County, and near a schoolhouse and residences, and in the street or road, created quite a disturbance by shooting, hollering and cursing while he was in the sight and hearing of Mr. Cook, the deputy sheriff, and while creating this disturbance he said he wanted the gringo to follow him, and was uttering, as the officer swore, a kind of drunken Mexican palaver, and saying what he was going to do. That when he first began this conduct he was about seventy-five yards from the officer. The officer began following him to arrest him. Appellant went faster than the officer and gained a little on him, but was not out of his sight until he reached a house near, or at which he lived, near the schoolhouse. That where the officer finally arrested him at this house was about four hundred yards from where he first began the disturbance, but the officer kept him in sight, following him and arrested him, until he, for a very brief period disappeared in a house and then reappeared with a Winchester gun and presented the gun in an attempt to shoot the officer, refusing to be arrested and said he would see who was the best man.

The officer had no warrant for his arrest at the time. He needed none. He had the right to arrest him without a warrant, and in which he finally succeeded after a fight with him in which, as stated, he attempted to assault and shoot the officer with a gun he then had.

Undoubtedly the evidence was sufficient to show that appellant was

guilty of disturbing the peace under the statute.    Art. 470, P. C.; 1 Vernon's Crim. Stats., and decisions noted thereunder.    The statute, article 259, C. C. P., expressly gave the officer the right, and makes it his duty, to arrest appellant under the circumstances without any warrant, the offense being committed in his presence and within his view. King v. Brown, 100 Texas, 109; James v. Railway Co., 53 Texas Civ. App., 603, 116 S. W. Rep., 642.

Taking the testimony of the officer as a whole, there is no question but that it was sufficient to show, and did show, that appellant, and not another, was the person who committed the disturbance in his presence and in his view.    The court did not err, therefore, in admitting certain evidence of the officer which appellant claims was not sufficient to identify him as the person who committed the disturbance of the peace. Even that portion objected to tended to show that appellant was the person.    Hence the court committed no error in not excluding that portion of the testimony objected to.

The statute, article 790, C. C. P., authorizes a defendant to testify. In this case the appellant did testify.    His attorney, however, at the time he had him sworn and placed on the witness stand announced that he was going to introduce him for the sole purpose of making proof to suspend his sentence for which he had pleaded, and for no other purpose. When he took the stand he swore what his name was, that he lived in the town of Sonora, near the schoolhouse and had lived there for about three years.    That he was born in Mexico and had lived in this country since 1892.    And then he testified he had never been convicted of a felony.    In construing the above statute this court has always held, and in a great many decisions, that when an accused takes the stand and testifies at all that he places himself in exactly the attitude of any other witness and that he may be made to give evidence against himself, cross-examined as to new matters and in every other way examined as any other witness could be.    See Branch's Ann. P. C., sec. 147, where some of the cases are cited.

The decisions of this court are uniform and many to the effect that when a defendant testifies the State's counsel may comment in argument to the jury upon any omissions in his testimony or upon his failure to produce available and legal evidence.    McFadden v. State, 28 Texas Crim. App., 241; Leinberger v. State, 21 S. W. Rep., 603; Ray v. State, 35 Texas Crim. Rep., 354; Battles v. State, 53 Texas Crim. Rep., 202; Eggleston v. State, 59 Texas Crim. Rep., 542; Bost v. State, 64 Texas Crim. Rep., 464.    Also that the State's counsel may comment on the failure to produce his wife as a witness or upon any omissions in her testimony, if she testifies.    1 Branch's Ann. P. C., sec. 372, where a large number of cases are cited.    There are many others on both of these propositions.    Therefore the comment of the district attorney in argument to the jury to the effect that if appellant was not the person doing that shooting and hollering then his attorneys could have asked him that question and he could have denied it, but they did not ask it,

and you know if it had not been he they would have shown it, etc., was clearly legitimate argument and the court below did not err in so holding.

In one ground of the amended motion for new trial appellant claims that one of the jurors, Mr. James, was prejudiced against appellant, and all Mexicans as a race, and hence was an unfair and prejudiced juror. The court heard evidence on this ground of appellant's motion and over-ruled the motion. The only evidence introduced by appellant on this issue was by one of the jurors. The effect of his testimony was that when the jury first went in the jury room three or four of them were for acquittal but the balance, except said James, were in favor of find-ing him guilty of an aggravated assault and assessing a fine of $25 only. That the juror James contended for a felony conviction and the assess-ment of his punishment at five years in the penitentiary. That they then all discussed the case and all but James wanted to fine him $25, but that finally all of them agreed to find him guilty of an aggravated assault and assess his punishment at a fine of $100, which was done. From the evidence the judge was authorized to find as he did, that the juror James was not a disqualified juror and the overruling of his motion on this ground presents no error.

Each of appellant's contentions has not been discussed separately. Those discussed and decided are sufficient to dispose of all the others. None of them present error.

The judgment is affirmed.

*Affirmed.*