## A. E. HARPER v. THE STATE.

No. 5150. Decided December 4, 1918.

**1.—Aggravated Assault—Serious Bodily Injury—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, by inflicting serious bodily injury, the evidence sustained the conviction under a proper charge of the court, there was no reversible error. Following Housley v. State, 55 Texas Crim. Rep., 372, and other cases.

**2.—Same—Charge of Court—Officer—Arrest.**

Where, upon trial of aggravated assault, defendant claimed he was an officer engaged in making an arrest of the injured party without warrant for violating a city ordinance, and such ordinance was not shown, and it was quite doubtful whether defendant could make the arrest without warrant, and the court's charge submitted the issues that defendant would not be guilty unless he used more force than was necessary, self-defense, and apparent danger, there was no reversible error on that ground.

**3.—Same—Indictment—Transfer—District Court—County Court.**

Where the indictment was found in the District Court and the record on appeal showed no order of transfer to the County Court the latter had no jurisdiction to try the case, and the judgment is reversed and the cause remanded. Following Richardson v. State, 57 Texas Crim. Rep., 285, 122 S. W. Rep., 560, and other cases.

Appeal from the County Court of Garza. Tried below before the Hon. A. R. Anderson.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*W. F. Kelly,* for appellant.—Cited cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, JUDGE.—Appellant was assessed a fine of $25 on conviction for aggravated assault under an allegation that he inflicted serious bodily injury upon J. W. Lovelady.

The appellant struck the injured party with a policeman's "billy," an instrument about twelve inches long, made of leather wrapped around shot or metal of some kind. From the State's evidence it appears that appellant was a man about thirty years old, weighing two hundred pounds, and Lovelady was about sixty-three years of age and was standing at a water cooler with a glass of water in his hand about to take a drink of water when he was struck the blows complained of. Lovelady said that "the blows were on the left side of my head, and he knocked the life out of me, and cut the skin to the skull bone in two places. The other blow was sorter across my neck and did not break the skin. . . . I was laid up a couple of weeks, and suffered from the cuts on my head a great deal. Could not wear my hat for about two weeks." A doctor described the wounds as apparently having been made with some blunt instrument cutting through the flesh to the skull bone. "The injuries were painful, but not necessarily serious. I make this answer in view of the fact that I know how the patient turned out afterwards."

We think the evidence was sufficient to sustain the finding of the jury that the injured party received a "serious bodily injury." Housley v. State, 55 Texas Crim. Rep., 372; Bruce v. State, 41 Texas Crim. Rep., 27.

While there is no bill of exceptions properly preserving it, we find that appellant requested the court to instruct the jury that the burden was upon the State to prove an intent to injure. The charge was also objected to because it does not put this burden upon the State, appellant in his brief insisting that article 1009 of the Penal Code, which provides that when an injury is caused by violence to the person the intent to injure is presumed, is without application for the reason that appellant was an officer engaged in making an arrest and the injury inflicted in the exercise of this lawful purpose would not create the presumption named. See subdivision 5, article 1014, Penal Code. It is true that in making an arrest an officer may use reasonable means necessary, taking care that the force used is commensurate with the necessity. Skidmore v. State, 43 Texas, 93; Michie's Digest, Texas Crim. Laws, vol. 1, p. 481, and cases cited. The law throws this protection around him, however, only while he is making a lawful arrest. Carter v. State, 30 Texas Crim. App., 551; Rasberry v. State, 1 Texas Crim. App., 664; English v. State, 34 Texas Crim. Rep., 190. He may make an arrest without a warrant where a felony or an offense against the public peace is committed in his presence. Articles 254-260, C. C. P. This authority may be exercised by a town marshal where the ordinances of the city confer such authority upon him. Article 261, C. C. P. Such ordinance is not

shown. It seems quite doubtful whether these provisions would author-ize the appellant, the town marshal of Post City, to arrest the injured party without a warrant for driving on the wrong side of a guide post. Mundine v. State, 37 Texas Crim. Rep., 5. The record shows, however, that the court instructed the jury that appellant would not be culpable unless he used more force than was necessary in arresting Lovelady. Appellant claimed to have acted in self-defense on apparent danger. This issue was also submitted and the decision of the jury against him is supported by the testimony of a number of eyewitnesses to the effect that the injured party was making no forcible resistance to the arrest but was making a verbal protest, he having gone into a restaurant to eat his dinner and stated that he would go to the police station as soon as he had finished.

As the record is presented, we think there was no reversible error in rejecting the proffered testimony that the injured party had violated a traffic ordinance on some previous occasion.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### December 4, 1918.

MORROW, JUDGE.—Our attention is called to the fact that this prosecution for a misdemeanor is begun by an indictment returned to the District Court of Garza County. That court being without jurisdiction to try the cause, the statute required that it should, by order of court, be transferred to a court having jurisdiction. Vernon's C. C. P., art. 483.

The record before us contains no order of the District Court transferring the case to the County Court, and the County Court being without power to receive an indictment from the grand jury, there is a failure in the record to show facts necessary to disclose the jurisdiction of the County Court to try the case. Richardson v. State, 122 S. W. Rep., 560; Harris v. State, 57 Texas Crim. Rep., 84, 121 S. W. Rep., 1116; C. C. P., art. 485.

The motion for rehearing is granted, the affirmance set aside and the judgment is reversed and remanded.

*Reversed and remanded.*