## WASHINGTON v. STATE. (No. 10615.)

Court of Criminal Appeals of Texas. April 13, 1927.

Rehearing Denied June 22, 1927.

**1. Arrest ⬅️63(3), 71—Officers had right without warrant to arrest and search defendant throwing bottles of whisky from automobile while being pursued (Code Cr. Proc. 1925, arts. 4a, 4b, 212, 727a).**

Where defendant, while being pursued by officers, threw bottles of whisky from automobile, officers had right under Code Cr. Proc. 1925, art. 212, to make arrest without a warrant with right to search thereafter without issuance of search warrant pursuant to articles 4a, 4b, 727a, since defendant was committing a felony in officers' presence.

**2. Intoxicating liquors ⬅️249—Officers authorized to search automobile being used for transporting liquor without warrant (Pen. Code 1925, art. 690).**

Under Pen. Code 1925, art. 690, automobile being used for illegal transportation of liquor became a nuisance, and, being so used in presence and view of officers, they were authorized to search it without a warrant.

**3. Intoxicating liquors ⬅️249—Defendant's throwing whisky bottles from automobile in officers' presence before overtaking him constituted "probable cause" to authorize search without warrant.**

Defendant's conduct in throwing whisky bottles from automobile in presence of officers before they overtook him *held* to furnish grounds for probable cause to authorize search without a warrant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause.]

### On Motion for Rehearing.

**4. Arrest ⬅️71—Officer arresting person committing felony in his presence may search offender.**

Where a felony is committed in presence of an officer and by reason thereof officer makes a legal arrest, it is lawful for him to search the offender.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Brown Washington was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Wm. H. Hanson, of Houston, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for transporting intoxicating liquor, punishment being three years in the penitentiary.

Eleven bills of exception are found in the record. In all of them appellant in different ways raises three questions, viz.: (a) That the testimony of the officers as to what they found in appellant's automobile could not be legally received in evidence because the affidavit and search warrant only stated that the two affiants "believed and had good reason to believe" the automobile was being used in transporting whisky, and did not state any facts furnishing "probable cause" upon which the magistrate could act; (b) that the automobile was not sufficiently described; (c) that accused was not named nor sufficiently described. Supporting his propositions, appellant cites the Constitution of the United States and of this state authorizing the issuance of search warrants only upon showing of "probable cause" supported by affidavit, and also cites articles 4a and 4b, C. C. P. (Acts Legislature 1925, p. 357), and article 727a, C. C. P. (Acts Legislature 1925, p. 186). Counsel for appellant has furnished us with a splendid brief strongly supporting in the most interesting way his views of the questions raised. In our opinion, however, it becomes unnecessary to discuss them, for if it should be held that the affidavit for the search warrant is subject to all the defects claimed, it would be entirely immaterial under the facts of this case, because the officers were justified in arresting appellant and in searching the automobile in the absence of any warrant whatever. For some undisclosed reason the officers were on the highway watching for this appellant and his car. He passed them rapidly. They pursued him. He turned off the main highway and they followed. One of the officers thus relates what then occurred:

"After he turned off of the highway up the road, toward the fair ground, he got out on the running board and held the steering wheel with one hand and turned up that turtle back and began to burst bottles of whisky in the road. He threw out ten and broke nine of them. He was driving the car. He held the steering wheel with his left hand and was standing on the running board, and he had the turtle back up and would reach in there and get them and throw them out. He threw out ten containers. They were half-gallon fruit jars—the square kind. As we passed over the territory where those were thrown out, it smelled like whisky. Nine of the jars broke. The other jar rolled out and rolled up against the bank and didn't break, and we picked it up as ·we came back over the road. We finally overtook him. When we overtook him we got out and searched the car and found two half gallons. They were the same kind of jars he threw out—square jars. They were two half gallons of corn whisky. The defendant is the man who was driving the car and throwing out the whisky. * * * Whisky was in the jar that

we picked up that we saw him throw out. We actually recovered a gallon and a half of whisky. Four and a half gallons—nine half-gallon containers—were broken along the way. It was whisky."

The testimony of the other officer is substantially the same as that quoted.

Article 4a, C. C. P., reads:

"It shall be unlawful for any person or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law."

[1-3] Appellant was committing a felony in the presence of the officers. It became known to them without any act on their part which was violative of the foregoing statute and, this being true, they had a right under article 212, C. C. P., to arrest appellant without a warrant, and the arrest being legal the right to search followed. No warrant in such instance was "required by law." Ruling Case Law, vol. 2, § 24, p. 467; Corpus Juris, vol. 5, p. 434, § 74; Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145. Under the special provisions of article 690, P. C., the automobile being used for the illegal transportation of liquor became a nuisance, and, being so used in the "presence and view" of the officers, they, likewise, by special provisions of said article, were authorized to seize it without a warrant. Furthermore, appellant's conduct in the presence of the officers before they overtook his car furnished them grounds for "probable cause" to authorize the search without a warrant. Odenthal v. State (Tex. Cr. App.) 290 S. W. 743; Battle v. State (Tex. Cr. App.) 290 S. W. 762.

The judgment must be affirmed, and it is so ordered.

### On Motion for Rehearing.

MORROW, P. J. We quite agree with the appellant in his announcement that "an unlawful trespass in the beginning does not become lawful by reason of the things found." We endeavored to make plain that such was the view of this court in the case of Odenthal v. State, 290 S. W. 743, also Battle v. State, 290 S. W. 762. The announcement has been reiterated in several cases which are not yet reported.

[4] In holding in the present instance that the searching officers in advance of the search were possessed of "probable cause," as that term is defined in the cases mentioned, and in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, no transgression of the rule stated is shown. The facts in possession of the officers were such as to authorize them to search the automobile without the necessity of a search warrant. We will add that the facts within the knowledge of the officers before the search were such, as to justify the arrest of the appellant without a warrant, it being manifest that he was perceived by the officers in the commission of a felony in their presence. Such act and knowledge from the inception of our Code has been the authority for the arrest of the offender without a warrant. See article 212, C. C. P. 1925; Vernon's Ann. Tex. C. C. P. vol. 1, p. 174. Moreover, it is a well-established principle that where a felony is committed in the presence of an officer, and by reason thereof the officer makes a legal arrest, it is lawful for him to search the offender. See Hodges v. State, 6 Tex App. 620; Crippen v. State, 80 Tex. Cr. R. 293, 189 S. W. 496; Moore v. State (No. 10247) 294 S. W. 550, not yet [officially] reported; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145; Samino v. State, 83 Tex. Cr. R. 481, 204 S. W. 233; Jones v. State, 85 Tex. Cr. R. 538, 214 S. W. 322; Harper v. State, 84 Tex. Cr. R. 345, 207 S. W. 96.

The arrest and search of the appellant are deemed to have been legal and in consonance with the authorities above mentioned. The information obtained through the search was therefore not improperly received.

The motion for rehearing is overruled.