We quite agree with the appellant in his announcement that "an unlawful tresspass in the beginning does not become lawful by reason of the things found." We endeavored to make plain that such was the view of this court in the case of Odenthal v. State, 290 S.W. 743; also Battle v. State, 290 S.W. 762. The announcement has been reiterated in several cases which are not yet reported.
In holding in the present instance that the searching officers in advance of the search were possessed of "probable cause" as that term is defined in the cases mentioned, and in Carroll v. United States, 267 U.S. 132, no transgression of the rule stated is shown. The facts in possession of the officers were such as to authorize them to search the automobile without the necessity of a search warrant. We will add that the facts within the knowledge of the officers before the search were such as to justify the arrest of the appellant without a warrant, it being manifest that he was perceived by the officers in the commission *Page 217 
of a felony in their presence. Such act and knowledge from the inception of our Code has been the authority for the arrest of the offender without a warrant. See Art. 212, C. C. P., 1925, Vernon's Ann. Tex. C. C. P., Vol. 1, p. 174. Moreover, it is a well-established principle that where a felony is committed in the presence of an officer and by reason thereof the officer makes a legal arrest, it is lawful for him to search the offender. See Hodges v. State, 6 Tex.Crim. App. 620; Crippin v. State, 80 Tex.Crim. Rep.; Moore v. State, No. 10247, not yet reported; Agnello v. United States, 269 U.S. 20, 70 L.Ed. 145; Samino v. State, 83 Tex.Crim. Rep.; Jones v. State, 85 Tex.Crim. Rep.; Harper v. State, 84 Tex. Crim. 345.
The arrest and search of the appellant are deemed to have been legal and inconsonance with the authorities above mentioned. The information obtained through the search was therefore not improperly received.
The motion for rehearing is overruled.
Overruled.