## Lamar Wilkins v. The State.

No. 11754.   Delivered April 25, 1928.

**1.—Carrying a Pistol—Transfer of Indictment—Order Is Necessary.**

Under Art. 419, C. C. P., 1925, when an indictment is returned into the district court for an offense which is not within the jurisdiction of that court but is within the jurisdiction of the County Court, an order shall be made by the judge of the District Court transferring the cause to the County Court.

**2.—Same—Continued.**

Compliance with this statute has been uniformly required.   Where a misdemeanor case is presented upon an indictment the order mentioned is

essential to the jurisdiction of the County Court. See Harris v. State, 57 Tex. Crim. Rep. 84, and other cases cited.

Appeal from the County Court of Somervell County. Tried below before the Hon. O. J. Covey, Judge.

Appeal from a conviction for unlawfully carrying a pistol, penalty a fine of $150.

The opinon states the case.

*E. T. Adams* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully carrying a pistol, punishment fixed at a fine of $150.

The trial was had upon an indictment purported to have been returned in the District Court of Somervell County. Preliminary to the trial appellant filed a sworn plea challenging the jurisdiction upon the ground that there was no order of the District Court transferring the case to the County Court. The plea was overruled and exception taken. Under the statute (Art. 419, C. C. P., 1925), where an indictment is returned in the District Court for an offense which is not within the jurisdiction of that court, but is within the jurisdiction of the District Court transferring the case to the County Court. Compliance with the statute has been uniformly required. When a misdemeanor case is prosecuted upon an indictment, the order mentioned is essential to the jurisdiction of the County Court. See Harris v. State, 57 Tex. Crim. Rep. 84; Richardson v. State, 57 Tex. Crim. Rep. 285; Harper v. State, 84 Tex. Crim. Rep. 345; Henson v. State, 280 S. W. 585. The plea to the jurisdiction should have been sustained. If there was a transfer, proper proof of it should be made. If there was none, the prosecution should be dismissed.

The judgment is reversed and the cause remanded with the suggestion that the procedure mentioned above be followed.

*Reversed and remanded.*