of beans which was found in the car. Appellant's objections to the argument were that there was no evidence before the jury that the sack of beans had been stolen and no evidence that appellant was guilty of the theft thereof. The court instructed the jury not to consider the argument. Appellant contends that the effect of the argument could not be withdrawn on account of it being obviously of a prejudicial nature. Although there were no beans in the car at the time it was stolen, when recovered by the officers a sack of beans was found therein. In the light of the evidence, we are of the opinion that, if the remarks of the district attorney were improper, the error was cured by the instruction of the court that they be disregarded by the jury.

We have carefully considered bills of exception Nos. 2 and 3 and find that they are insufficient to manifest reversible error.

Finding no error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

there was no order of the district court transferring the case to the county court. The plea was overruled, and exception taken. Under the statute (article 419, C. C. P. 1925), where an indictment is returned in the district court for an offense which is not within the jurisdiction of that court, but is within the jurisdiction of the county court, an order shall be made by the judge of the district court transferring the case to the county court. Compliance with the statute has been uniformly required. When a misdemeanor case is prosecuted upon an indictment, the order mentioned is essential to the jurisdiction of the county court. See Harris v. State, 57 Tex. Cr. R. 84, 121 S. W. 1116; Richardson v. State, 57 Tex. Cr. R. 285, 122 S. W. 560; Harper v. State, 84 Tex. Cr. R. 345, 207 S. W. 96; Henson v. State (Tex. Cr. App.) 280 S. W. 585. The plea to the jurisdiction should have been sustained. If there was a transfer, proper proof of it should be made. If there was none, the prosecution should be dismissed.

The judgment is reversed, and the cause remanded, with the suggestion that the procedure mentioned above be followed.

---

### WILKINS v. STATE.    (No. 11754.)

Court of Criminal Appeals of Texas. April 25, 1928.

Criminal law ⬌101(4)—Where indictment for carrying pistol was returned in district court, order transferring case to county court was essential to county court's jurisdiction (Code Cr. Proc. 1925, art. 419).

Where indictment charging defendant with unlawfully carrying a pistol was returned in district court, order transferring case to county court, as required by Code Cr. Proc. 1925, art. 419, was essential to jurisdiction of county court to try case, and plea challenging jurisdiction on ground that there was no order of district court transferring case should have been sustained.

Appeal from Somervell County Court; O. J. Covey, Judge.

Lamar Wilkins was convicted of unlawfully carrying a pistol, and he appeals. Reversed and remanded.

E. T. Adams, of Dallas, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully carrying a pistol; punishment fixed at a fine of $150.

The trial was had upon an indictment purported to have been returned in the district court of Somervell county. Preliminary to the trial, appellant filed a sworn plea challenging the jurisdiction upon the ground that