JAMES LEONARD v. THE STATE.

No. 12383.    Delivered March 6, 1929.

The opinion states the case.

*H. A. McCarley* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for aggravated assault; punishment assessed at confinement in the county jail for 730 days.

The trial was had upon an indictment purported to have been returned in the district court of Dallas County. The record shows no transfer from the district court to the county court where the case was tried. Article 419 C. C. P. provides:

"Upon the filing of an indictment in the district court which charges an offense over which such court has no jurisdiction, the judge of such court shall make an order transferring the same to

such inferior court as may have jurisdiction, stating in such order the cause transferred and to what court transferred."

When a misdemeanor case is prosecuted upon an indictment, the order mentioned in the statute is essential to the jurisdiction of the county court. The showing of jurisdiction is a necessity, without which this court cannot take cognizance of the case. Harris v. State, 121 S. W. 1116; Richardson v. State, 122 S. W. 560; Harper v. State, 207 S. W. 96; Henson v. State, 280 S. W. 585; Wilkins v. State, 5 S. W. (2d) 770. If there was a transfer, proper proof should be made. If no transfer was made, the prosecution should be dismissed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.