FRED LENZEN v. THE STATE.

No. 12482.   Delivered March 27, 1929.
Rehearing denied April 24, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment confinement in the county jail for thirty days.

The record contains no statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—For the first time appellant seeks in this court to raise the question that the indictment herein, charging a misdemeanor, was not transferred by proper order from the district court in which, under our practice, same was of necessity returned,—to the county court where the case was tried.   We think

the place to raise such question was in the trial court, and the time for raising same was before announcement for trial upon the merits. Thompson v. State, 2 Texas Crim. App. 82; Friedlander v. State, 7 Texas Crim. App. 204; Bonner v. State, 38 Texas Crim. Rep. 602; Scrivener v. State, 44 Texas Crim. Rep. 232; Abbott v. State, 42 Texas Crim. Rep. 10; Banks v. State, 52 Texas Crim. Rep. 168; Webb v. State, 58 S. W. Rep. 82. The question seems well settled, and with good reason. As said by Judge Renderson in Bonner v. State, supra: If this plea had been made in limine, the State might easily have procured a proper certificate of transfer covering the error, failing in which the court should have sustained the plea to the jurisdiction. It seems beyond question that the accused having admitted the jurisdiction of the trial court by entry of appearance and plea and the standing of trial, he should not be allowed to raise the question thereafter.

Attention is called to other authorities: Harris v. State, 57 Texas Crim. Rep. 84; Richardson v. State, 57 Texas Crim. Rep. 285; Harper v. State, 207 S. W. Rep. 96; Henson v. State, 280 S. W. Rep. 585; Wilkins v. State, 5 S. W. (2d) 770 and Leonard v. State, No. 12383, (not yet reported). In the Harris case, supra, there seemed an agreement on file by both the State and the defendant that the case should be reversed because of the fact that there was no order made transferring the case from the district to the county court. Whether this question was raised in the lower court by any sort of plea, does not appear in the opinion. In the Richardson case, supra, attention seems not to have been called to the line of authorities first above set out, nor was there any analysis of the proposition involved, nor can we tell whether a plea to the jurisdiction had been made in the trial court before announcement of ready. The Harper case, supra, was decided upon the authority of the Harris and Richardson cases, without analysis and without any discussion of the principle involved or reference to the cases herein first cited. So also the Henson case, supra, was decided upon authority of the Richardson, Harris and Harper cases. So also the Leonard case, supra, which is decided upon authority of the other cases just mentioned. In the Wilkins case, supra, there was a sworn plea to the jurisdiction filed in the trial court before the trial, which was overruled and this action was held error. While there is nothing in the opinions in the Harris,—Richardson,—Harper,—Henson and Leonard cases from which we may know whether a plea to the jurisdiction or some similar plea calling attention of the trial court

to the fact that there was no proper transfer from the district to the county court,—still we act upon the presumption that there was some such showing, and that the opinions may have been correct upon their several records. However, we are of opinion that the doctrine laid down in the Thompson case, supra, and those following it, is the correct doctrine, and if there be anything in the Harris, Richardson, Harper, Henson and Leonard cases holding that the plea to the jurisdiction because of the lack of a transfer, may be waived or withheld until after the case is tried on its merits and then interposed for the first time, or raised in this court for the first time, then to that extent said cases are here overruled. We are not in agreement with appellant that he may raise this matter in this court, and it appearing to have been here presented for the first time, we think it comes too late, and the motion for rehearing will be overruled.

*Overruled.*