JOE SOMMERLATTE V. THE STATE.

No. 13969.   Delivered May 20, 1931.

The opinion states the case.

*Jos. V. Frnka,* of Columbus, and *Emanuel Roos,* of Eagle Lake, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is adultery; the punishment, a fine of $1,000.

It appears by appellant's bill of exception No. 1 that before announcing ready for trial the appellant filed his sworn motion to quash the indictment, which was in the nature of a plea to the jurisdiction. Among other grounds set out in said plea was that the clerk of the district court of Colorado county failed to make an entry upon the minutes of said court that an indictment upon which the prosecution herein is predicated was by the grand jury presented in open court and that at least nine grand jurors were present at the time the same was presented, if presented; and that the transcript accompanying the said alleged indictment

is in fact not a true transcript of the minutes of said district court pertaining to the proceedings in the said district court and that no such proceedings as certified to were entered in and upon the minutes of said district court. Said bill shows that testimony was heard in support of said motion before defendant plead to the indictment. The certificate of the district court accompanying the transfer of the case to the county court appears to embrace substantially all that is required under the statute in the transfer of indictments for misdemeanors from district courts to inferior courts having jurisdiction of the offenses charged.

The witness W. C. Papenberg on the hearing of said motion testified substantially as follows: "My name is W. C. Papenberg. I reside in Columbus, Texas. I am Clerk of the District Court of Colorado County, Texas; I was Clerk of said court in September, 1929; the book I have here is the 'Misdemeanor Docket'; it is a book that has been used for many years by my predecessors; in this book I enter all the indictments returned by the Grand Jury for misdemeanors; I just enter the name of the defendant or defendants, the nature of the offense and the date the indictment is returned; if I did not know what this book is used for I would not know what it is; there is nothing in the book or about it to show what the book is except on the outside is the name Misdemeanor Docket; there is nothing to indicate what the names that are entered here mean except that I know what they mean; if I were to die no successor of mine would know what the book is; the law does not provide for any such book in my office as this; if this book would be lost and someone found it no one would know what the meaning of it was unless I told him."

Being shown the certificate of the district clerk accompanying the transfer of the case to the county court, he testified as follows: "It is a paper called 'Transcript of Order from District Court'; I certify to it and it is my signature thereto and the seal is the seal of the District Court of Colorado County, Texas; I certified that 'The foregoing contains a true copy of all the proceedings taken in said District Court in the criminal case of The State of Texas vs. Joe Sommerlatte and Yetta Kansteiner No. 349, also a Bill of Costs that have accrued therein in said court'; being asked in what book and page the orders as set out in said transcript of order from District Court I answer that there are no such orders or proceedings recorded in any minutes or any book in the District Clerk's Office and if I were requested to furnish a certified copy of these proceedings as I have certified to here over my signature, I could not furnish the same because no such orders and proceedings are recorded in my office in any book; it has just been the custom for many years to transact the business in that way and transfer Misdemeanor Cases in that way and I just continued it when I became District Clerk and no one has raised any question about it."

He further testified that the district judge did not tell him to transfer the case nor did he give him any written order nor enter any order upon any docket nor direct him to make any entry upon the minutes of the court directing the transfer of the indictment in this case to the county court, and that if this paper was lost he could not furnish a duplicate or a certified copy of it because no such orders as he certified to were in existence or of record in his office in any minute book or upon any docket.

Article 394, C. C. P., provides that the fact of the presentment of an indictment in open court by a grand jury shall be entered upon the minutes of the court. Article 419, C. C. P., provides: "Upon the filing of an indictment in the district court which charges an offense over which such court has no jurisdiction, the judge of such court shall make an order transferring the same to such inferior court as may have jurisdiction, stating in such order the cause transferred and to what court transferred."

In the case of Wilkins v. State, 109 Texas Crim. Rep., 510, 5 S. W. (2d) 770, where the question was raised by sworn plea, preliminary to the trial, challenging the jurisdiction upon the ground that there was no order of the district court transferring the case to the county court, the plea was overruled and exception taken. Presiding Judge Morrow held: "Under the statute (article 419, C. C. P. 1925), where an indictment is returned in the district court for an offense which is not within the jurisdiction of that court, but is within the jurisdiction of the county court, an order shall be made by the judge of the district court transferring the case to the county court. Compliance with the statute has been uniformly required. When a misdemeanor case is prosecuted upon an indictment the order mentioned is essential to the jurisdiction of the county court. See Harris v. State, 57 Texas Crim. Rep., 84, 121 S. W., 1116; Richardson v. State, 57 Texas Crim. Rep., 285, 122 S. W., 560; Harper v. State, 84 Texas Crim. Rep., 345, 207 S. W., 96; Henson v. State, 103 Texas Crim. Rep., 139, 280 S. W., 585." It being shown from the undisputed evidence on the plea that there never was entered upon the minutes of the district court the fact of the presentment of the indictment in this case in open court by a grand jury, and that no order was ever made by the judge of the district court transferring the same to the county court, as required by law, the plea should have been sustained.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.