FRANK SMITH V. THE STATE.

No. 19365.   Delivered March 3, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*Carl Miller,* of Rockwall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense is possession of intoxicating liquor in violation of the local option law, and a fine assessed of $200.00.

Appellant complains in two bills of exception of the following action of the trial court.

In his bill of exceptions No. 1 it seems that the county attorney took the witness stand, and, after having taken a drink from one of the bottles claimed to have been found in appellant's possession, testified that the same was beer and was intoxicating. He was afterwards recalled by the appellant's attorney, and was tendered a further bottle of similar character and asked to take a drink thereof, and to give his judgment as to whether or not the contents of such bottle, which was similar to the ones introduced in evidence, was intoxicating. This the court refused to permit. We see no error in such action. The county attorney's ability to tell by tasting the intoxicating powers of liquids was subject to cross-examination, but we hardly think any other or further liquids than those found in appellant's possession should have been the subject of his skill as a taster. It seems that no objection was made by appellant in the first instance to the county attorney sampling the contents of the bottle offered him which was said to have been found in possession of appellant, but the county judge saw fit to hold such examination down to the bottles found in appellant's possession, and we see no error in his ruling.

Bill of exceptions No. 2 complains of the fact that while the witness Jack Pullen was on the stand he was asked a question and made the following answer: "Yes, this is the beer we obtained that is in the courtroom. No, I could not tell if it is beer by tasting it," but he did state that he could read what was on the label of the bottle and that it stated White Rose beer.

If there was error in such statement, then such was cured by the testimony of the chemist Mr. Cude, who stated that he

analyzed four bottles of White Rose beer obtained from Mr. Eagle, the deputy sheriff, and that it contained more than one-half of one per cent. alcohol by volume; that it contained more than four per cent. by volume of alcohol. Mr. Eagle testified that he gave Mr. Cude, the chemist, four bottles of beer to analyze. They were four bottles obtained from Frank Smith (appellant). It was the same beer the officers had gotten from Frank Smith.

Appellant also complains in his brief of the fact that this trial was had on a grand jury indictment in the county court, and that no order of the district judge transferring such cause to the county court appears in the record herein. This objection might have been good had such matter been called to the court's attention at the proper time, but we find no mention thereof in the record until the filing of defendant's amended motion for a new trial on July 23, 1937, while this cause went to trial, and a verdict was rendered therein, on July 14, 1937.

Appellant cites numerous cases holding that, in order to establish jurisdiction in the trial court of an indictment of this character, an order of the district court should be shown in the record transferring such cause to the inferior court. However, he has overlooked the opinion of Judge LATTIMORE, on rehearing, in the case of Fred Lenzen v. State, 112 Texas Crim. Rep. 297, wherein it was held, in substance, that in order for a defendant to avail himself of a failure to show such order of transfer, the question must be presented to the trial court before announcement of ready for trial. In the opinion on motion for rehearing, the Court cites the case of Thompson v. State, 2 Texas Crim. App. 82, from which we quote: "The objection raised that the case had not been properly transferred from the district court came too late after plea and a mistrial." To the same effect are other cases cited in Lenzen v. State, supra. In support of his contention appellant cites, among others, Harris v. State, 57 Texas Crim. Rep. 84; Richardson v. State, 57 Texas Crim. Rep. 285; Henson v. State, 280 S. W. 585; Wilkins v. State, 5 S. W. (2d) 770, and Leonard v. State, 111 Texas Crim. Rep. 463. The above cases were taken up and discussed seriatim in the opinion in the Lenzen case, and it was shown that the record therein either showed that such matter was called to the court's attention before the trial upon the merits, or such presumption appeared from the record. If they held otherwise they were to such extent overruled.

The above quoted doctrine from Thompson v. State, supra, is the settled law of this State, as supported by many other decisions set forth in Lenzen v. State, supra, and because of

the failure to call such omission to the trial court's attention at the proper time, such objection is without merit.

Perceiving no error in the record, this judgment is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, complains because there was no discussion in our original opinion concerning the sufficiency of the evidence to sustain the conviction. The record reveals that the appellant took the stand and admitted that the officers recovered either one hundred and eight or one hundred and thirty-six bottles of beer from his premises on the day in question; that the beer in the courtroom was the same that was taken from his premises. The State offered the county attorney and a constable in addition to a chemist to prove that said beer was intoxicating and contained more than one-half of one per cent. of alcohol by volume. Under the law in effect at the time of this prosecution, possession of more than a quart of intoxicants was prima facie evidence of possession for purpose of sale. See Section 23a of Article 1 of the Texas Liquor Control Act, prior to its amendment in 1937.

There was ample evidence presented to sustain the jury's finding of appellant's guilt.

He also insists that we erred in our original opinion in holding admissible the testimony of Jack Pullens, a witness for the State, showing what was on one of the labels of a bottle of beer alleged to have been taken from appellant's premises. The basis for his contention is that labels are no evidence of contents. We held, in our original opinion, that even if such admission in evidence was error, it would have been cured by the testimony of the chemist who testified as to the alcoholic contents of the beer. It is now his position that since the chemist got the beer from the clerk's office, it was never definitely established as the same which the officers got from appellant's premises, and that said chemist's testimony could not, therefore, be considered. We note from the testimony of Gene Eagle, a deputy sheriff, that he was with the officers when they searched the appellant's premises. That he gave Mr. Cude (the chemist) four of the bottles, part of the same beer taken from appellant. Moreover, we note, as above, that appellant admitted that the beer in the courtroom was his and two State's witnesses aside from the chemist testified that it was intoxicating. His contention in this respect is therefore overruled.

The motion for rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.