[Crim. No. 10759.   Second Dist., Div. Two.   Mar. 25, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. GEORGE DENNIS MORTENSON, Defendant and Respondent.

138

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Woodruff J. Deem, District Attorney, Edwin M. Osborne and Kenneth W. Graham, Deputy District Attorneys, for Plaintiff and Appellant.

Heily & Blase and DeWitt F. Blase for Defendant and Respondent.

HERNDON, J.—The People appeal from the order granting defendant a new trial following the verdict of a jury that he was guilty of a felony manslaughter in the driving of a motor vehicle. (Pen. Code, §192.3, subd. (a).)

No useful purpose would be served by setting forth the evidence in detail. It is sufficient to state that, although circumstantial in character, it was abundantly sufficient to sustain the jury's verdict.

The order granting the new trial was based upon the trial court's determination that it had erred in giving CALJIC Instruction 51 (Revised), which advised the jury concerning the inferences it might draw from the defendant's failure to testify as to any evidence or facts against him which he might reasonably have been expected to deny, and in permitting the prosecuting attorney to comment on respondent's exercise of his constitutional privilege in the instant case. The order was made shortly prior to our Supreme Court's decision in *People* v. *Modesto,* 62 Cal.2d 436 [42 Cal.Rptr. 417, 398 P.2d 753], and was based upon the trial court's accurate interpretation of the effect of *Malloy* v. *Hogan,* 378 U.S. 1 [84 S.Ct. 1489, 12 L.Ed.2d 653], upon California's comment rule. (*Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106].)

We agree with appellant's observation that the decision in *Griffin* is directed specifically to instances in which an accused fails to take the stand in his own behalf and therefore should not be interpreted as contradicting or overruling the uniform holdings of prior federal court decisions that comment *is* proper under the Fifth Amendment when a defendant *does* take the stand to testify as to material issues in the case. This rule was initially expressed in *Caminetti* v. *United States,* 242 U.S. 470, 492-495 [37 S.Ct. 192, 61 L.Ed. 442]. (Cf. also, *United States* v. *Sahadi,* 292 F.2d 565, 568; *Dyson* v. *United States,* 283 F.2d 636, 637-638; *United States* v. *Walker Co.,* 152 F.2d 612, 613; *United States* v. *Van Den Berg,* 139 F.2d 654, 656; *Paschen* v. *United States,* 70 F.2d 491, 501; *Carter* v. *United States,* 19 F.2d 431, 434; *Krotkiewicz* v. *United States,* 19 F.2d 421, 425; *Levinson* v. *United States,* 5 F.2d 567, 569; *Bloch* v. *United States,* 261 F. 321, 326; *Le More* v. *United States,* 253 F. 887, 897 [165 C.C.A. 367], and cases cited therein.)

We do not regard the holding in the recent decision in *People* v. *Steele,* 235 Cal.App.2d 798, 812-813 [45 Cal.Rptr. 601], as indicative that California will adopt a different rule. The possible applicability of the rule of *Caminetti* v. *United States, supra,* 242 U.S. 470, 492-495, was not in issue in *Steele.* It was not considered therein because, as the court noted at page 813: "The Attorney General does not dispute that error occurred; he argues only that, since erroneous comment requires reversal only if it is prejudicial [citation], no such prejudice occurred here."

The prevailing rule that a defendant who voluntarily elects to take the stand and testify, regardless of the nature or extent of his testimony, thereby waives his immunity and opens the door to comment has been applied with strictness. (*Odom* v. *State* (Fla.) 109 So.2d 163, 165-166; *Samino* v. *State,* 83 Tex.Crim.Rep. 481 [204 S.W. 233, 234]; *State* v. *Larkin,* 250 Mo. 218 [157 S.W. 600, 604-607, 46 L.R.A. N.S. 13].) The good reasons for this strictness are well stated in the cited decisions. We agree with counsel for the People that real and practical dangers are encountered in making exceptions to this rule. We believe that in future cases, and particularly in cases tried subsequent to the decision in *Griffin* v. *California, supra,* 380 U.S. 609, defendants should not be permitted to "invite error" or to seek undue advantage by taking the stand before the jury, even for the limited purpose of giving testimony that per se might appear to be essentially innocuous,

without being deemed to have waived the constitutional privilege. However, we regard the present case as a proper one for making an exception, first, because it was tried prior to the decision in *Griffin,* and secondly, because the testimony here given was limited to the establishment of only a single, purely subsidiary and colorless fact which was equally useful both to the defense and to the prosecution. (Cf. *Grantello* v. *United States,* 3 F.2d 117, 121-122.)

In the instant case, the prosecution and the defense each called an expert witness in the field of blood testing to testify relative to the issue as to defendant's state of sobriety or intoxication. Both experts presented and discussed formulas applicable to this question. In part, these formulas were based upon the weight of the person whose blood alcohol content was in question. The trial court in each instance declined to permit these experts to estimate defendant's weight. Defense counsel, therefore, interrupted the testimony of his expert witness to call defendant to the stand for the limited purpose of testifying as to his weight on the date in issue. Defendant testified that he then weighed 160 pounds, a weight which was quite close to the 156 pounds which the prosecution had assumed in formulating a hypothetical question asked of its own expert.

In the context of the instant case, we do not regard the furnishing of this incidental fact by means of the testimony of defendant, rather than in some other fashion, as sufficient to constitute a waiver of his right to decline to testify on the merits of the action or to permit the court to instruct, and the prosecution to comment upon, the exercise of this right. The proof of this subsidiary fact merely aided the jury in its evaluation of the expert testimony presented by both parties and was no more favorable to the one than to the other.

Following the rendition of the jury's verdict finding defendant not guilty of Counts I and II of the information charging him with the crime of felony drunk driving but guilty of Count III, manslaughter, the trial court reconsidered the propriety of the instruction it had given concerning defendant's failure to testify and the comments of the prosecution on this subject which it had permitted. As indicated, the trial judge correctly determined that in this regard it had erred. In its comments made at the time of granting the new trial, the court made manifest the care that had been given to the question whether or not such error had been prejudicial to defendant. Thus, the trial judge stated:

"I have carefully examined the transcript of the trial as to

Mr. Mitchell's [deputy district attorney] comments to the jury concerning the failure of the defendant to testify, and I am going to quote from a portion of his remarks that have indicated to me that are, at least, matters to be seriously considered by the Court.

" 'Mr. Mitchell: Mr. Mortenson was driving that automobile. He knows what lane he was in. He knows what lane the Valiant was in. Why didn't he get up here and testify that the Valiant was in the right-hand lane and he was in the left-hand lane, if that was a fact?'

"Then he cites and quotes again the instruction, quotes, rather, the instruction in part that I thereafter gave, reading the portion, 'as to any evidence of facts against him', the defendant, 'which the defendant reasonably can be expected to deny or explain, if he does not testify, or even though he does testify, he fails to deny or explain such evidence the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating among the inferences that may reasonably be drawn therefrom those favorable to the defendant are the more probable—unfavorable to the defendant are more probable'.

"Then thereafter: 'Mr. Mortenson does have the knowledge. He was there. He was driving that car. Presumably he was awake. Presumably he was looking out on the road. Presumably he should have seen—at least I don't think he did, but presumably he should have seen the Valiant automobile and taken steps to avoid it. Now, that Valiant automobile was in the right-hand lane and he knows it, and he knows that he was over the center line, but he elected not to testify, and you can consider this point in arriving at your verdict and it is a real, real important point. He violated the basic speed law. He made an unsafe pass to the left and, in fact, it was so unsafe that the proof is in the pudding, that a human died because of it. At the same time he, of course, drove his automobile in such a manner with gross negligence that he killed a human being. That is the evidence. The evidence shows beyond a reasonable doubt—not just beyond a reasonable doubt when you take into consideration that it was uncontroverted, that the defendant did not deny any one particle of proof that the People put on, not one little bit.'

"I cannot tell, obviously, and I don't know what effect these comments of Mr. Mitchell, which prior to *Malloy*, which certainly affects us now, would have been perfectly proper to have been made by him, what effect these did have in this

instance or what their importance was to the jury during their deliberations. I do know, however, that the jury found that the defendant was not guilty as to Count 1 and Count 2; convicted him as to Count 3 where the proof of the essential elements of the corpus delicti, the vehicular manslaughter charge, excluding this element of driving while under the influence, was in the main by circumstantial evidence. The defendant through his counsel presented a very vigorous defense. He robustly objected to the use of the instruction; he robustly objected to the comments or proposed comments by the district attorney. After reviewing the entire record herein, I cannot conclude to a reasonable certainty, as far as I am concerned, that the comments by the district attorney did not affect the jury's consideration of Count 3 adversely to the defendant. Further, the record adequately reflects the robust objections, as I have indicated, of defendant's counsel to this comment and, indeed, I believe the district attorney was, if not warned, at least rather strongly advised outside the presence of the jury that if he decided to use his right to comment, this might well affect the validity of the proceedings.''

It is, of course, true as noted by appellant that after reaching the conclusion set forth, the trial court expressed its opinion that in addition to its resolution of the question of prejudice that ''it would appear *also*'' that article VI, section 4½ would not apply to such error. Although this conclusion was incorrect in the light of our Supreme Court's decisions in *People* v. *Cockrell,* 63 Cal.2d 659, 670 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Cotter,* 63 Cal.2d 386, 398 [46 Cal.Rptr. 622, 405 P.2d 862]; *People* v. *Teale,* 63 Cal.2d 178, 197-198 [45 Cal.Rptr. 729, 404 P.2d 209]; and *People* v. *Bostick,* 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529], it does not detract from the determination previously, and independently, reached that prejudice *had* occurred herein.

It therefore becomes unnecessary for us to decide whether we would have reached a similar conclusion if we had been called upon to decide the question as one of first instance. It is sufficient to state that the trial court, having observed the witnesses and heard the evidence herein, did not abuse its discretion in granting a new trial.

The order is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for rehearing was denied on April 20, 1966, and the opinion was modified to read as printed above.