JAMES LEONARD v. THE STATE.

No. 13107. Delivered April 30, 1930.
Rehearing denied June 27, 1930.
Reported in 29 S. W. (2d) 750.

The opinion states the case.

*H. A. McCarley,* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, eighteen months in the county jail.

The testimony introduced by the State is very little, if any, different from that introduced by appellant. He was charged by indictment with an aggravated assault upon deceased, by striking him with his fist and inflicting upon him serious bodily injury. According to his own testimony, on the occasion of the alleged striking, appellant was walking along a comparatively narrow sidewalk and met deceased, and there was some kind of collision between them, appellant stating in his testimony that he did not know which of them was to blame, whether he ran into deceased or the latter into him. Appellant admitted that he was under the influence of intoxicating liquor at the time. He further stated that when they "brushed against each other" deceased made some remark about appellant taking up the whole sidewalk, and that appellant thereupon whirled and struck deceased with his hand. The reproduced testimony of Alexander, a State witness, who saw the striking, contained the statement that he did not notice whether the hand of appellant was open or closed. The reproduced testimony of the witness Hobbs, a

witness for the defense, contained the statement that appellant struck deceased with his open hand. This witness further testified that when appellant struck deceased the latter fell and his head struck against an awning post and hit the sidewalk right by the side of the post. This seems in accord with substantially the testimony of all the witnesses. The doctor who examined deceased said he died from a hemorrhage resulting from a fracture of the skull, and that he had a slight cut over one of his eyes. The testimony indicated that the two men were facing each other at the time appellant struck deceased with his hand or fist, and that the blow caused deceased to fall either against an awning post or on the sidewalk, his head coming in violent contact with one or the other.

In this condition of the record appellant asked three special charges, all of which were given, presenting from various angles the question as to whether the injury inflicted was the natural and probable result of the blow from the fist or hand of appellant;—whether defendant intended to seriously injure deceased; and whether the injury inflicted was the probable result of the blow and was the contemplated or intended result of the blow,—and if the jury had a reasonable doubt in either of these cases, they should return a verdict of not guilty. It is true that the testimony failed to show any prior acquaintance on the part of appellant and the injured party, or any reason for the assault other than the anger produced by the collision of the two men. There was no claim of any kind upon the trial that the injury received by deceased which caused his death, was caused by and resulted from the contact alone of the hand of appellant, but it was the State's theory that this threw or projected deceased violently against the awning post or sidewalk, thus causing his death. We are unable to believe ourselves justified in invading the province of the jury and in holding the verdict manifests passion or prejudice on their part, or that same is so manifestly against the weight of the testimony as to justify us in reversing because of the insufficiency of the testimony.

Appellant asked for a continuance, and complains by bill of exceptions of its refusal. The trial court did not err in this regard. The case was postponed twice, once on May 3rd, at which time it was passed over until May 14th. The application for continuance presented on May 14th was the one sworn to and subscribed by appellant on May 3rd. There is no showing of diligence either on May 3rd or on May 14th. No process or application for any process for the absent witnesses it attached to the application. No affidavit of any of the absent witnesses is attached to the motion for new trial.

Appellant raises the question of the jurisdiction of the trial court to try him, asserting that no proper order of transfer of the case was made from the district court in which the indictment was returned, to the county court, which is the court of trial. We are not in accord with this contention. This case was reversed once before because of the absence of such transfer. Leonard v. State, 14 S. W. (2d) 1028. Since the reversal of the case, as appears from the transcript herein, there was filed in the trial court a copy of an order of transfer certifying that such transfer was properly made by the district court at once upon the original return of the indictment in 1928. This is a sufficient showing of a proper transfer of the case from the district to the county court.

There is complaint of the action of the trial court in permitting the State to reproduce the testimony of Alexander, a witness apparently a resident of New York at the time of trial, but who had testified upon a former trial of this case. Inasmuch as the testimony of said absent witness appears in no material matter to be different from that given by appellant upon the trial, we do not concern ourselves to discuss the propriety of the court's action in admitting the testimony.

There are some questions raised of argument, but our examination of them fails to lead us to believe the arguments of a prejudicial character.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In appellant's motion we are again referred to Calvert v. State, 75 Tex. Cr. R. 229, 170 S. W. 744. It is contended that upon the facts said case is so similar to the present one as to be controlling. The facts are in a general way very much like those shown in this record. However, some differences appear. Calvert struck in anger after having been called a "G— d— liar" by the party he hit. It is said in the opinion in Calvert's case:

"It would be straining the facts beyond any legitimate conclusion to hold that appellant contemplated that he (the injured party) would strike either the auto or the curbing, or that he even would fall, as the witnesses testified the blow was light."

In the present case describing the blow a witness said:

"It was a good, hard blow and it struck the elderly man on his left temple. * * * When this blow was struck the elderly man whirled around and fell down."

It is impossible for us to know how the different phases of the Calvert case were submitted. As against appellant's urging that we should hold the evidence in the present case insufficient to show more than a simple assault we are confronted with the jury's finding on that issue submitted in appellant's special charges which were evidently drawn with exact understanding of the principles of law discussed in Calvert's case. The special charges are as follows:

"If you find and believe from the evidence that the defendant James Leonard, intended to strike Philo Eads and did strike him with his open hand or empty fist, not in his necessary self defense, but you further find that the serious injury inflicted upon said Philo Eads, if such injury was inflicted upon him, was not the natural and probable result of the blow so struck, by defendant, and was not the contemplated or intended result of the blow so struck by the defendant or the serious injury resulted from a blow on the head of the said Philo Eads by reason of his head's coming in contact with a post, sidewalk, or curbstone or other article unknown to the defendant, and that the injury was not the natural and probable result of the blow from the fist or hand of defendant, or if you have a reasonable doubt thereof, then I instruct you that the defendant would not be guilty of aggravated assault."

"Where an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting such injury to show accident or innocent intention.

"Now, therefore, if you find and believe from the evidence that serious bodily injury was inflicted upon the said Philo Eads, but you further find and believe, or if you have a reasonable doubt thereof, that such injury was inflicted accidentally, or that defendant James Leonard, inflicted serious bodily injury upon the said Philo Eads, but that defendant did not intend to seriously injure him, I instruct you that defendant would not be guilty of aggravated assault."

"If you find and believe from the evidence that defendant, James Leonard, intended to strike Philo Eads and did strike him with his open hand or empty fist, not in his necessary self defense, but you further find that the serious injury inflicted upon the said Philo Eads, if such injury was inflicted upon him, was not the natural and probable result of the blow so struck by defendant, and was not the contemplated or intended result of the blow so struck by defend-

ant or if you have a reasonable doubt thereof but the serious injury resulted from a blow on the head of the said Philo Eads by reason of his head's coming in contact with a post, sidewalk, curb or stone or other article unknown to defendant, then, I instruct you, that defendant would not be guilty of aggravated assault."

We cannot set aside the verdict without substituting our own opinion upon a question of fact for the finding of the jury upon the identical issue fairly submitted. This we have no right to do.

Appellant's motion for rehearing is overruled.

*Overruled.*