# OCTOBER 4, 1933

M. R. (Buck) Flournoy v. The State.

No. 16018.    Delivered October 4, 1933.
Reported in 63 S. W. (2d) 558.

The opinion states the case.

*Strickland & Shoults,* of Longview, and *Stone & Cooper,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was indicted and tried upon an indictment charging him with the offense of aggravated assault and battery upon one O. M. Mosley by striking the said Mosley with his fist and knocking him down which caused his head to strike a concrete curb of a sidewalk fracturing his skull

thereby causing to be inflicted serious bodily injury upon the said Mosley.

The appellant was convicted of aggravated assault and battery and his punishment assessed at a fine of $200.00 and sixty days in jail.

The evidence adduced upon the trial in substance disclosed the fact that the appellant and the injured party had never met prior to the time of the alleged difficulty and there was no ill feeling existing between them. The appellant was employed by the Humble Oil & Refining Co. as a special agent and held a special ranger's commission. He came into the town of Gladewater about 6 P. M. on December 31, 1932. He parked his car, walked down Main St. where he met O. M. Mosley and his brother and in passing O. M. Mosley made some remark about the boots appellant was wearing. There is some dispute as to just what words O. M. Mosley employed, the brother of O. M. Mosley testifying that his brother said, "There comes a man with a nice looking pair of boots on," while the appellant testified that the said O. M. Mosley remarked, "Look at that s— o— b— with them boots on"; whereupon appellant asked if he referred to him and the injured party said, "Yes, you s— o— b—, what are you going to do about it," whereupon the appellent drew a pistol out of his holster but put it back and then struck the said O. M. Mosley with his fist, knocking him down and in falling to the sidewalk his head struck the concrete curb, fracturing his skull from which injury he died early the next morning. The appellant testified that he did not intend to inflict any serious injury and it is quite evident that he did not intend such an injury as resulted to the said O. M. Mosley because he did not strike with the gun as he had first started to do. He placed the gun back in the holster and struck with his fist. It would seem unreasonable to conclude from all the facts and circumstances that the appellant intended or even contemplated any such injury as resulted from the altercation. We believe that this case comes clearly within the rule announced by this court in the case of Calvert v. State, 170 S. W., 744, and that if the defendant is guilty of any offense he is guilty of no greater offense than simple assault and battery. We are cognizant of the decision in the case of Leonard v. State, 29 S. W. (2d) 750, but the facts in the case under consideration are not exactly like the facts in the case of Leonard v. State, supra.

The appellant for the first time in his motion for new trial raises the question of jurisdiction of the County Court of Gregg County. The indictment charged a misdemeanor and the offense

was committed in Gregg County; hence the County Court of Gregg County had jurisdiction and venue. The transcript discloses an order of the Presiding Judge of the District Court of Gregg County transferring the case to the County Court of said county which disposes of the question adversely to appellant. If, however, there was any irregularity in the transfer of the case from the District Court to the County Court, the matter should have been urged by the appellant before announcing ready for trial.

By his bill of exception No. 1, appellant assigns error on the part of the trial court in permitting the state to prove by E. G. Mosley over the objection of the appellant that the appellant hit O. M. Mosley with a gun on the side of the head. To this testimony the appellant interposed the objection that the indictment charged defendant with striking the injured party with his fist and the state was bound by the allegations in the indictment. The writer believes this contention should be sustained. It is the well established rule in criminal jurisprudence of this state that where the means by which an offense is committed are specifically alleged, the proof must correspond and be confined to the allegations in the indictment. When an offense may be committed in various modes and the indictment charges one of the modes the proof should be confined to the mode charged. Such has been the holding of this court in the following cases, to-wit: Kennedy v. State, 9 Texas App., 399; Hunt v. State, 9 Texas App., 404; Reid v. State, 9 Texas App., 472; Winzel v. State, 83 S. W., 187; Arbetter v. State, 186 S. W., 769.

The appellant also complains of the court's charge on self-defense in that it was not a full, complete, and affirmative charge, but inasmuch as appellant did not request a proper charge on self-defense, which he was required to do in a misdemeanor case, he waived any objection which he may have had to said charge.

In view of the disposition we have made of this case it is unnecessary to discuss any of the other assignments of error as they may not arise again upon another trial.

For the error in the admission of the testimony as above pointed out and the insufficiency of the evidence to warrant a conviction of aggravated assault and battery, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.