W. H. GRAY, JR., v. THE STATE.

No. 16147. Delivered November 29, 1933.
Reported in 65 S. W. (2d) 319.

The opinion states the case.

*Heidingsfelder & Heidingsfelder,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault and battery, punishment being thirty days in jail.

It was charged by complaint and information that appellant made "an aggravated assault and battery upon the person of David McComb with a deadly weapon, the exact nature and description of which was unknown, and by then and there and thereby causing the said David McComb to sustain serious bodily injuries."

From the statement of facts we learn that during the Texas-Rice football game in Houston on October 22, 1932, McComb was supervisor of tickets at the gate. Two girls applied for admission on passes which were supposed to have been given by the chief of detectives of Houston. McComb declined to admit the girls on the passes, telling them the chief detective had no right to give passes to the game. There is no evidence of any rough language or insulting conduct towards the girls by McComb. Between the halves of the game McComb saw the girls pointing at him and talking to someone who looked like appellant. After the game was over McComb was going towards the grandstand to check up his tickets when he says he was struck from behind by someone. The blow rendered him unconscious. So far as he knew he was only hit one time. He was not acquainted with appellant and had never had any trouble or words with him. The witness Lewis was with McComb at the time of the assault. He thought appellant struck McComb twice. He saw no weapon in appellant's hand. This witness would not be sure as to whether appellant struck Mc-

Comb more than once. He said appellant came up "kinda" from behind McComb and hit him. He was not sure where McComb was struck, it happened so fast. After Lewis saw appellant hit McComb Lewis struck appellant and appellant struck Lewis, after which Lewis and appellant shook hands. There was testimony that there were empty soda water bottles lying around on the grass where the difficulty occurred. Both McComb and Lewis denied that McComb put up his fists like he was going to fight appellant. The testimony for appellant was to the effect that the two girls reported to him between the halves of the game that a fellow at the gate had insulted them. He told them to forget it. After the game was over they repeated the matter to him, and pointed out McComb as the boy. He told them he would see about it. When he met McComb the latter put the ticket container down on the ground and raised his hands as though to fight, and appellant hit him in the mouth and knocked him down; appellant said he did not know he struck McComb so hard; did not know the boy and had never had any trouble with him prior to that time. Appellant and all the witnesses who testified for him say that he struck McComb one time with his fist, and that he struck him in the mouth. The physician who was called to see McComb testified that he found a bruise behind the left ear which caused concussion of the brain; that there was also evidence of him having been struck in the mouth. He was unconscious at the time the physician first saw him, and remained in a semi-conscious condition for several days, and was confined in his bed for about three weeks. The bruise that caused concussion of the brain was directly behind the left ear. The physician further testified that he could have received the injury from being knocked down and striking his head on some character of object.

It is urged that under the averments of the information, the proof thereunder and the findings of the court before whom the case was tried, conviction for no greater offense than simple assault was authorized. In the absence of the court's explanation to bill of exception number one it would be difficult to ascertain upon what theory the conviction was had, but in such explanation the court says: "* * * the court is of the opinion that no weapon was used in making said assault but that on account of the superior strength and boxing experience and ability of the defendant that he struck the prosecuting witness a much harder blow than he intended which blow was the proximate cause of the serious bodily injury. * * *"

Such finding by the trial judge eliminates aggravated as-

sault and battery predicated upon the use of a deadly weapon. Aggravated assault from the infliction of serious bodily injury under subdivision 7, article 1147, P. C. (1925) must necessarily be the result of a battery, and in this case such battery is alleged to have been committed with a deadly weapon. The court found this did not occur, hence a variance between the means of the battery alleged and proven. We therefore conclude that appellant's contention must be sustained that under the court's finding a conviction for aggravated assault and battery was not supported.

If appellant should be again tried for aggravated assault, and the theory be advanced that McComb was struck in the mouth by appellant, causing the back of his head to strike upon a bottle, thereby sustaining injury, then for the views of this court upon similar states of fact we refer to Calvert v. State, 75 Texas Crim. Rep., 229, 170 S. W., 744; Leonard v. State, 115 Texas Crim. Rep., 234, 29 S. W. (2d) 750; Flournoy v. State, 63 S. W. (2d) 558.

Bill of exception number one complains because the court received and considered evidence elicited from appellant on cross-examination that he was a prizefighter or boxer. We see no error in this. It bore upon the issue as to the ability of appellant to inflict the injury by striking with his fist.

Bill of exception number two shows that upon cross-examination appellant was asked if he was not under a suspended sentence for burglary, which appellant answered in the affirmative. Objection was interposed on the ground that said testimony was immaterial and prejudicial, because appellant had not put his reputation in issue. The inquiry and proof was permissible upon the weight of appellant's evidence given in his own behalf. Herrin v. State, 97 Texas Crim. Rep., 494, 262 S. W., 486; Hunter v. State, 45 S. W. (2d) 969.

It further appears from bill of exception number two that it was elicited from appellant on cross-examination and over the same objections heretofore noted that he had been arrested for robbery but never indicted therefor. The inquiry was not whether appellant had been legally charged with the offense of robbery, but simply if he had not been arrested. This was not provable even for impeachment in the absence of a showing of some legal accusation. See Branch's Ann. Tex. P. C., sec. 168; Wilson v. State, 108 Texas Crim. Rep., 397, 1 S. W. (2d) 305; McClure v. State, 100 Texas Crim. Rep., 545, 272 S. W., 157; Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W., 1036. The case being tried before the court, appellant requested the court not to consider such testimony after it had

been admitted over objection. The bill recites that the court did consider same. The evidence ought not to have been admitted or considered.

The writer expresses grave doubt whether the averment in the information that from the battery alleged the injured party was "then and thereby caused to sustain serious bodily injury" is tantamount to an averment that the battery inflicted serious bodily injury upon the person assaulted. At best it is a most indirect and inferential way of making such allegation and seems out of line with the approved forms and is a departure from the language of the statute. See Branch's Ann. Tex. P. C., sec. 1581; Wilson's Cr. Forms, 4th Ed., p. 246, sec. 472.

Because the conviction for aggravated assault cannot be sustained for the reasons heretofore given, and for the improper introduction and consideration of the evidence heretofore referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*