*Overruled.*

### ED. QUALLS V. THE STATE.

No. 17755.  Delivered November 13, 1935.
State's Rehearing Granted November 18, 1936.
Appellant's Rehearing Denied January 27, 1937.

The opinion states the case.

*T. C. Hutchings*, of Mt. Pleasant, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of rape and his punishment assessed at confinement in the state penitentiary for a term of five years.

The testimony adduced by the State showed that prosecutrix, who was a few months over the age of seventeen years, in pursuance of previous agreement with appellant, met him at 11:30 at night in her father's field where she voluntarily en-

gaged in an act of intercourse with him. Appellant testified in his own behalf, denying that he met prosecutrix at night in the field and denying having had sexual intercourse with her.

One of the main grounds relied upon by the appellant for a reversal of this case is based upon bills of exception Nos. 6, 7, 8, 9, 10, 11 and 12, relating to the argument of the district attorney. We deem it only necessary to discuss bill of exception No. 7, which reflects the following occurrence: The district attorney, among other things, said: "And Claude said, 'Oh, how could he have made her pregnant that one time?' but, gentlemen of the jury, he forgets to mention the fact that she said he was the only man that ever had intercourse with her and he objected to the other acts that I tried to prove." It is obvious that the district attorney, without being sworn as a witness and without subjecting himself to cross-examination, by way of an argument testified to facts which the trial court held were not admissible. Such conduct on the part of the prosecuting attorneys has been many times disapproved by this court. See Battles v. State, 53 Texas Crim. Rep., 202, in which case the district attorney said: "We know there were other acts, but we cannot show but one." This court, in passing upon the question, held that the argument was improper. The State charged that the act on which she relied for a conviction occurred on April 1, 1934, and she was restricted to said act, because any subsequent act could not constitute the offense of rape inasmuch as the prosecutrix was then no longer of chaste character. If there were other acts of intercourse which occurred prior to the act charged then, for the same reason, he would be entitled to an acquittal. See Bayles v. State, 97 Texas Crim. Rep., 87. The district attorney's argument was misleading; contrary to the court's instructions, and not a proper reply to that of the appellant's attorney, who said: "Oh, how could he have made her pregnant that one time?" for the reason that an act of intercourse which may have taken place a week or a month prior or subsequent to the act when she conceived could not have contributed to her pregnancy. She either became pregnant from this or some other act. The zeal of the district attorney and his vigorous prosecution is commendable, but he should not lose sight of the fact that defendant is entitled to a fair trial uninfluenced by any improper argument or statement of facts not admitted in evidence.

The other matters complained of by appellant will not likely arise upon another trial and therefore we pretermit a discussion of same.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Our reversal of this case was based alone on appellant's bill of exceptions No. 7. Responding to the State's motion for hearing, we have again carefully gone over this bill as well as the entire record, and have become convinced that we were in error.

Appellant, a grown and married man, is shown by facts, disputed only by his own testimony, to have persisted in his attentions and proposals to a seventeen year old girl, a cousin of his wife, until finally she yielded to his urging upon her that if she would submit to him he would get a divorce from his wife and marry her, and she had intercourse with him. She met him at night about the last of March or the first of April, 1934, near her father's house, the act, according to her testimony, causing her pain and bloodshed. Later and on April 18, 1934, she had another act of intercourse with him, as appears from the record, from which pregancy resulted. It is in testimony that appellant did file suit for divorce from his wife in June of that year. The sister and mother of prosecutrix gave testimony strongly supporting the girl's story. Her baby was born on January 20, 1935. This trial took place in February following. We regard the testimony as amply sufficient to justify the verdict and judgment.

We have examined each of appellant's bills of exception. Bill No. 1 complains of the refusal of a continuance sought because of the absence of nine witnesses. Of these, one was present at the trial, but was not used. Three lived out of the State, and no effort had been made to take their depositions. No statement was made in the application for continuance as to what would be the testimony of the remaining five witnesses named in the application. No process was attached to the application, or produced upon the hearing, showing diligence as to any of the witnesses. The bill is without merit, and what we have just said applies also to bills 2, 3, and 4 complaining of the refusal of a new trial based on the court's action in declining to grant the continuance.

Bill No. 5 shows no error. Same was prepared by the court in lieu of appellant's bill No. 5. No bystanders' bill was ob-

tained by appellant, so that the matters appearing in the court's bill are before us without controversy.

Bill No. 6 complains of argument of the State's attorney, he having said that there has never been a more dastardly crime charged in this court house. We are unable to see any reversible error in the statement so made.

Bill No. 7 sets out a statement of State's counsel to the jury, which is as follows:

"And Claud said 'Oh, how could he have made her pregnant that one time,' but gentlemen of the jury, he forgets to mention the fact that she said he was the only man that ever had intercourse with her and that Ed Qualls was the only man that had intercourse with her, and he objected to the other acts that I tried to prove."

We are of opinion that the argument of the State was invited by that of the attorney for appellant, and when considered in this light was not improper. It would be manifestly unfair to allow the defense to hold the State to proof of one act of intercourse with the prosecutrix, and that a child was born, and then allow the attorney for the accused to argue the improbability or impossibility of conception from one act with a virgin, and let this be coupled with a cross-examination of prosecutrix replete with questions suggesting intercourse on her part with others than appellant,—and refuse to allow the State's attorney to reply, as was done here. In this connection, we further observe that, without objection, prosecutrix testified as follows:

"Yes sir, he did something to me on or about the first of April, 1934. He had an intercourse with me. * * * Yes, it hurt me. Yes sir, it made me bleed. * * * No sir, I had never had an act of intercourse with any other man than Ed Qualls. Yes, I am the mother of a baby. The baby was born the 20th of January. Ed Qualls is the father of that child. * * * I became pregnant on the 18th of April. Ed Qualls was the cause of that pregnancy. * * * After I became pregnant Ed kept telling me to the very last he was going to get his divorce and marry me. Yes, sir, I thought he was going to do that. Yes, sir, that is the reason I met him out there the night that he had the *first* act of intercourse with me, I thought I was going to marry him."

In her cross-examination the witness testified that appellant had intercourse with her on the last of March. It thus appearing that testimony of more than one act of intercourse was before the jury without objection, the possibility of injury

from the argument of the State's attorney, here complained of, would in any event be very remote. There was no request for withdrawal of the argument, nor that the jury be instructed not to consider same. We find nowhere in the bill any certificate of the court below to the fact that the State did not offer proof of acts other than those in evidence, and that such proof was rejected.

Bill No. 8 complains of argument as prejudicial and calculated to inflame the minds of the jury. We do not so consider the argument, but observe that the case was plainly established by proof, and that appellant was given the lowest penalty, which does not support any claim that the minds of the jury were inflamed by the argument.

Bills 9, 10, 11 and 12 were also taken to argument, which bills have been considered, and are not deemed to manifest any error.

Bill No. 13 complains of the refusal of a new trial sought because of the newly discovered evidence of one Dr. Taylor, whose affidavit was attached to the motion. The State controverted the motion for new trial, and evidence pro and con was heard when the motion was presented. Dr. Taylor was not produced by appellant as a witness on that occasion. The affidavit of said Dr. Taylor, attached to the motion, sets out that in January, 1934, prosecutrix came to affiant's office in Winfield and told him that she was pregnant, and that she had failed to menstruate twice, and asked affiant to do something for her and help her get rid of her child. That said affiant was subpoenaed as a witness in this case, but had refused to tell appellant's attorney what he knew about the case because he did not want to get mixed up in it; but after appellant was convicted said affiant volunteered and told the attorneys what he knew. The State specially controverted that part of the motion relating to the affidavit of Taylor. Upon the hearing on the motion the State introduced oral testimony specifically denying the facts stated in said affidavit of Taylor. The defense not only did not call Taylor upon said hearing, but did not even offer in evidence Taylor's affidavit,—which under all of our authorities was but a pleading. See Reyes v. State, 81 Texas Crim. Rep., 588; Lopez v. State, 84 Texas Crim. Rep., 422; Hicks v. State, 97 Texas Crim. Rep., 379. Our statute governing (Art. 757, C. C. P.) provides that the judge shall hear evidence by affidavit or otherwise, and determine the issue. The court's qualification to the bill states that no testi-

mony was introduced as to what Taylor would swear. Whether the court considered the affidavit is not further shown.

The contents of said affidavit related to a date several months prior to the date of the alleged rape, it being stated therein that in January, 1934, the girl in question came to affiant's office and related to him the fact that she was pregnant, and had been so for at least two months. The baby of prosecutrix was born January 20, 1935, or considerably more than a year after the supposed occurrence referred to in the affidavit of Taylor.

The story in the affidavit was so incredible and so contrary to the testimony of every witness in the case, as well as that heard by the trial judge upon the hearing of the motion for new trial, as that we deem the trial court well within his discretion in overruling the motion based thereon.

Bill No. 14 asserts error in that while appellant was a witness in this case the State was permitted, on cross-examination, to ask him if he had not been convicted of murder, and was not then under a five year suspended sentence following such conviction. We see no error in such procedure. The identical question is decided adversely to appellant's contention in Herrin v. State, 262 S. W. Rep., 486; Hunter v. State, 45 S. W. (2d) 969, and Gray v. State, 65 S. W. (2d) 319.

Having carefully considered this entire case and come to the conclusion that we erred in our reversal, the State's motion for rehearing is granted, the reversal is set aside, and the judgment of the trial court will now be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The questions involved in this record have twice before been given our careful attention. Each bill of exception was examined and all those discussed which were thought to demand it. Appellant now asks us to again review the record, and especially challenges the disposition made of the question presented in bill of exception number seven. We have re-examined the facts and all bills of exception. We must be excused for not again writing at length, especially so as we adhere to the conclusions reached in affirming the judgment, and what might be said would be largely repetition.

Appellant's motion for rehearing is overruled.

*Overruled.*