# OCTOBER 23, 1940

### PAT BEARD V. THE STATE.

No. 21161. Delivered October 23, 1940.

128

The opinion states the case.

*W. D. Justice, H. B. Green, G. W. Allison,* and *R. H. Moore,* all of Athens, for appellant.

*Henry Boyd,* County Attorney, of Athens, *Tom Pickett,* District Attorney, of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is misapplication of public funds. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first complaint is that the trial court erred in declining to sustain his motion to quash the indictment based upon the following grounds:

(a) Because the offense is not charged with sufficient certainty to enable the defendant to plead a conviction or acquit-

tal thereunder in bar of a subsequent prosecution for said offense.

(b) Because it fails to charge with sufficient certainty the particular money he is charged with having misapplied.

(c) Because it is not averred by whom the money was paid to the defendant so that he may be prepared to meet the same.

(d) Because it is not averred what the money was paid to him for, whether for court costs, trust fund, or for some other purpose, etc.

The indictment contains two counts. The first, under which he was convicted, omitting the formal parts thereof, reads as follows: "* * * Pat Beard was then and there the District Clerk of said county, and as such officer, by virtue of said office, there had come into, and was then in his custody and possession, the sum of $50.00 in money, of the value of $50.00, the same being then and there the property of said County, and the said Pat Beard did then and there fraudulently take, misapply and convert the same to his own use."

Article 95 of the Penal Code (1925) reads as follows: "If any officer of any county, city or town, or any person employed by such officer, shall fraudulently take, misapply, or convert to his own use any money, property, or other thing of value belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less than two nor more than ten years."

It occurs to us that the indictment charges the offense under the statute and is sufficient. It seems to follow the form laid down by Willson in his Texas Criminal Forms, (4th Ed.) page 13, Form 25. This form has been approved by this court in the following cases: Crump v. State, 23 Tex. Cr. App. 615; Tankersley v. State, 105 Tex. Cr. R. 220; Steiner v. State, 33 Tex. Cr. R. 291. We therefore overrule the appellant's contention.

Appellant next complains of the action of the trial court in overruling his application for a continuance based on the absence of certain witnesses therein named, who resided at or near Red Schute in the State of Louisiana, and also because of the absence of Tom Beard and his wife, Earnestine Beard, who resided in Smith County, Texas, by whom he claims he could prove, and would prove if present in court, that the appellant

was not at Athens in Henderson County, on the day of the commission of the alleged offense but that he was in the State of Louisiana. The indictment was returned against the appellant at the September term, A. D., 1939, charging him with having committed the offense in the County of Henderson, State of Texas, on or about the 3rd day of January, 1939. Appellant knew from the charge in the indictment that the State would expect to prove that he committed the offense on or about the 3rd day of January, A. D., 1939, but he made no effort to take the depositions of the witnesses in the State of Louisiana to prove by them the facts which he claims he could prove. Consequently, appellant failed to exercise that degree of diligence required of him by law. See Qualls v. State, 100 S. W. (2d) 711; Weaver v. State, 98 Tex. Cr. R. 474; Huffman v. State, 107 Tex. Cr. R. 188.

With reference to the witnesses, Tom Beard and his wife, Earnestine Beard, it appears from the record that they attended court and testified in behalf of the defendant on the trial of this cause. Consequently no error is reflected in the ruling of the court with respect to said witnesses.

By Bill of Exception No. 4 appellant complains of the action of the trial court in declining to peremptorily instruct the jury to return a verdict of not guilty for the following reasons:

(1) Because the evidence is insufficient to support his conviction.

(2) Because the State has failed to prove that the money which the defendant is charged with having misapplied or converted were funds belonging to Henderson County.

(3) Because the State failed to prove that the fine assessed against Bill Kirkwood which the appellant is alleged to have misapplied and converted were funds that belonged to Henderson County.

We are not in accord with the appellant's contention. The record contains the indictment against Bill Kirkwood in cause No. 11,050 in which he was charged with driving a motor vehicle upon the public highway in Henderson County, Texas, while intoxicated. The judgment of conviction showed that Kirkwood was awarded a jail sentence of five days and a fine of Fifty Dollars. This judgment was entered "9/5/38."

The State proved by F. T. Aunspaugh that on the 31st day of December, A. D., 1938, he was at the Koon Kreek Klub on a hunting and fishing trip; that Bill Kirkwood was there with him at the time; that Homer Williams, a deputy sheriff of Hender-

son County, came there to collect the fine and costs assessed against Kirkwood; that he (Aunspaugh) gave his check in the sum of $75.00 to the deputy sheriff in payment of the fine and costs due by Mr. Kirkwood. The check in question was then introduced in evidence.

Homer Williams, the deputy sheriff, testified in substance that the first time he met Mr. Aunspaugh was about the last of December, 1938, at the Koon Kreek Klub; that Mr. Aunspaugh was in company with Bill Kirkwood; that he at the time had a capias pro fine for Bill Kirkwood. From the testimony of the witness we quote: "I found him a Koon Kreek, talking to Mr. Aunspaugh. Mr. Aunspaugh at that time gave me a check. The check was for a fine for Bill Kirkwood. I cashed the check. * * * The endorsement on the back is my endorsement. I cashed it at the First National Bank of Athens, Texas. * * * I got the amount of $75.00, in money, on the check. * * * I turned that money over to John Karnes, the office deputy."

John Karnes testified that he was a deputy sheriff of Henderson County, Texas, at the time in question and his duties included the handling of the money in the office of the sheriff's department; that on the 3rd day of January, A. D., 1939, he had a transaction with the defendant, Pat Beard, who, at that time, was serving as District Clerk in and for said county. From the testimony of the witness we quote: "I paid Pat ($55.-.50) Fifty-five Dollars and Fifty Cents out of the Bill Kirkwood fine. * * * I paid him because that was the proper channel for it to go through. * * * I have a receipt from Pat Beard showing that I paid him that money."

The receipt bearing date January 3, 1938, was offered in evidence and reads as follows:

"Case No. 11050. Dist. Court. Jan. 3rd, 1938.
RECEIVED OF Sheriff's Office
    FIFTY-FIVE & 50/100_____ DOLLARS
Bill Kirkwood's Fine, No. 11050.
$55.00                        PAT BEARD, Dist. Clk."

In addition to the above and foregoing facts, it was admitted by and on behalf of the appellant that he was the duly elected and qualified District Clerk within and for the County of Henderson on the 3rd day of January, A. D., 1939. Moreover, there was other testimony adduced by the State showing that the appellant had failed to pay said money into the County Treasury; that he admitted to the County Auditor and to the Commissioners' Court that he was behind with the remittance

of the county funds to the County Treasurer in the approximate sum of $1160.00. This is in substance the State's case.

It is true that appellant took the witness-stand and denied that he received any money from the sheriff's office on the day in question or that he admitted to the County Auditor or to the Commissioners' Court that he had taken and converted money which belonged to the County of Henderson. He also denied that he was in the town of Athens in Henderson County on the day in question. It is obvious from the testimony above detailed that the evidence is sufficient to justify and sustain the jury's conclusion of the appellant's guilt. We therefore overrule this contention.

By Bills of Exception Nos. 5 and 6 appellant complains because the court declined to submit to the jury two special requested instructions. We have examined the same, together with the court's main charge and reached the conclusion that no error was committed by the trial court in declining to submit the special requested instructions.

Appellant next complains of the court's action in overruling his motion for a new trial in which he re-urges all the matters heretofore complained of. We see no need of entering upon a lengthy discussion thereof as no error seems to be alleged which would have required the court to grant a new trial.

By Bills of Exception Nos. 8, 9 and 10, appellant complains: first, of the admission of evidence as to the number of automobiles he had purchased from January 1, 1937 (when he first qualified as District Clerk) up to within a short time prior to the return of the indictment in this case; second, because the court permitted the State to offer in evidence the indictment against Bill Kirkwood in Cause No. 11,050, wherein the defendant (Bill Kirkwood) was charged with unlawfully driving an automobile upon the public highway in the County of Henderson and State of Texas, while intoxicated; and, third, because the court permitted the introduction in evidence of the check given by F. T. Aunspaugh to Homer Williams in payment of the fine and costs adjudged against Bill Kirkwood in Cause No. 11,050 pending in the District Court of Henderson County, Texas. We do not believe that the trial court committed any error in the admission of the testimony complained of. The indictment against Bill Kirkwood upon which he was tried in the District Court of Henderson County, Texas, charging him with having unlawfully operated an automobile upon the public highway in said county and state, was admissible to show that there was a charge pending against Bill Kirkwood, and the subsequent

introduction of the judgment showing what disposition had been made of the case was clearly admissible in evidence to establish the fact that there was a fine assessed against Bill Kirkwood upon the trial of said cause. The introduction of the check was certainly harmless inasmuch as Mr. Aunspaugh had already testified that he gave a check to Homer Williams, the deputy sheriff, in the sum of $75.00 in payment of the fine and costs. This check sustained the testimony of Aunspaugh and Homer Williams and was harmless under the circumstances of this case. The fact that appellant had owned three automobiles from January 1, 1937, up to a time shortly before the return of the indictment tended to show that he was rather extravagant in the expenditure of money which the legitimate salary of his office would hardly justify.

From what we have said, it follows that the judgment of the trial court should be, and the same is hereby in all things, affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.