A. F. CRISWELL v. THE STATE.

No. 23873. Delivered Febrsary 11, 1948.
Rehearing Denied March 17, 1948.

474

*Scarborough, Yates, Scarborough, & Black,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

From a conviction for aggravated assault and a penalty of a fine of $750.00 and six months in jail, appellant appeals.

Appellant was charged with the malicious killing of Albert C. Sosebee on January 21, 1947, and under such charge was convicted of aggravated assault.

The facts show that Mr. Sosebee was a County Commissioner of Jones County; that appellant lived near the town of Noodle in such county; that a farm to market road was in contemplation of construction in such neighborhood, some favoring what was called the "East Route" and others favoring the "West Route." At a meeting of the Commissioners' Court of Jones County the "West Route" was finally decided upon. Appellant was present at such meeting and therein asked Mr. Sosebee if prior to the election he had not told appellant that he (Sosebee) favored the "East Route", to which question Mr. Sosebee replied by stating that he never made such statement; whereupon appellant asserted that Sosebee had made such statement to him. The deceased then said that such statement upon the part of appellant was a lie, and no further discussion was had thereon at such time. Some few days thereafter Mr. Sosebee was in the town of Merkel in Taylor County, and finally took his car into the shop of the Chevrolet people in order to have the same repaired. Appellant approached the deceased in such repair shop, which had a concrete floor. The deceased was standing near his car, and appellant said to him, "Well, I guess the road matter is settled," to which Sosebee replied, "Yes, it

is settled." Appellant then said, "How about our business?" and Sosebee said, "We will leave it just as it is." Thereupon appellant struck Mr. Sosebee upon the side of the head. He fell, either upon the floor or against the automobile, and when he attempted to rise, it was found that his leg was broken near the hip and that he could not rise. He was immediately taken to a hospital nearby, suffering from a severe shock and in considerable pain. His hip was X-rayed and a broken bone found about one-fourth inch below the hip joint, with no bruise discernible on the head. The doctor testified that this was a serious fracture and could produce death; that it was a very serious injury. The deceased passed blood and vomited blood, and his condition grew critical. The doctor gave him blood transfusions and inserted pins in the bones, but Mr. Sosebee died on the seventh day after being struck by appellant.

The facts further show that the deceased was a frail man, suffering from stomach ulcers and weighing about 135 pounds and 62 years old; that the appellant was 51 years old, was 6 feet, 3 1/2 inches tall and weighed about 216 pounds. According to his own testimony, appellant was "mad" at the time he struck Mr. Sosebee, first because the deceased had called him a liar at the court meeting in Jones County, and then when asked by appellant in the encounter in Taylor County, "What about our business?" the deceased said, "We will just leave it that way." Appellant thought that deceased was again calling him a liar, and he struck the deceased. Appellant testified that he did not intend to break Sosebee's leg, nor did he intend to seriously injure him. The blow on deceased's head left no marks of violence to those who witnessed the blow, and the doctor who examined deceased immediately discovered no bruise on the face or head nor even a red place caused from the blow.

Appellant was not found guilty of murder, and therefore any complained of errors in the charge relative to murder seem to have passed out of the case.

In paragraph 7 of his charge the court instructed the jury that: "When an injury is caused by violence to the person, the intent to injure is presumed, * * *".

In paragraph 9 of the charge the jury was instructed: "Assault or battery becomes aggravated when a serious bodily injury is inflicted by such assault upon the person assaulted."

Appellant objected to paragraph 7, as follows: "* * * The

defendant excepts and objects to paragraph 7, being the last paragraph on page 2 of the court's charge, wherein the court tells the jury that when an injury is caused by violence the intent to injure is *performed*. (presumed) Said section of the court's charge has no application to the facts of this case for the reason that the undisputed evidence shows that the defendant struck the deceased one blow, and only one blow, and struck him then on the head with his fist. That there is not a word of testimony in this record that the result of that blow on the man's head caused any injury. There was not even a discoloration on the man's face and head. There was not the slightest sign of any kind or character that the defendant had injured the deceased by the blow that he struck him. The evidence shows that the deceased fell back against a car and then onto the concrete floor, and broke his leg, but that is not a condition that could be foreseen by the exercise of any ordinary person that would result from striking the deceased on the head with his fist. There is no casual connection between the man's injury to his leg and the blow, and there being no casual connection between the two, the case must follow and this particular part of the court's explanatory definition is wrong and highly prejudicial to the rights of this defendant in this, that the court has failed to point out to the jury that the defendant would not be responsible for the breaking of the deceased's leg unless it could have been reasonably foreseen at the time he struck him with his fist, and there is no evidence that he could have foreseen it, and the court has erred in the submission of this paragraph, and if the court insists upon giving this portion of the defintion, it is the duty of the court to insert into the definition the following: 'When an injury is caused by violence to the person the intent to injure is *performed*, (presumed) but the presumption is limited to the injury inflicted in this case by the blow and not any subsequent injury, such as falling against the car, etc.' "

Appellant objected to paragraph 9 as follows: "* * * The defendant excepts and objects to paragraph 9, wherein the court attempts to define aggravated assault, for the reason that the defendant would not be responsible for the resulting injuries under the facts of this case, because under the facts of this case the proof is undisputed that the defendant did not intend to cause the deceased an injury by breaking his leg."

In addition to the foregoing objections appellant requested the following special charge which was refused. " 'Gentlemen of the Jury, you are charged that before you can find the de-

fendant guilty in this case of any offense above that of simple assault, you must find and *belive* beyond a reasonable doubt that the blow struck by the defendant was intended to inflict upon the deceased death or serious bodily injury.' "

No verbal provocation will justify an assault and battery, but insulting and abusive words may be given in mitigation of the punishment affixed to the offense. Art. 1143 P. C. Unquestionably the evidence shows appellant to have been guilty of an assault and battery. But the pivotal question is, was the assault an aggravated or a simple assault, and that turns upon the injury inflicted, and the intent of accused.

Our statute, Art. 1139, P. C., provides as charged by the court that: "* * * When an injury is caused by violence to the person, the intent to injure is presumed, * * *" but it is appellant's contention that the evidence shows no injury whatever resulted from the blow itself, but that such injury as resulted was from an intervening cause, falling against the car or upon the concrete floor; in other words, that the presumed intended injury is the natural and probable result of the blow, and that an injury which under the circumstances present could not have been foreseen by accused is not the injury contemplated by the statute.

It was the purpose of the objections urged to the charge given, and by the refused requested special charge, to call the court's attention to the principles mentioned, and to insist that under the facts of the case the jury should have been instructed in appropriate language so that they could understand and apply such principles.

As we understand them, many of our cases have announced such to be the law. See Calvert v. State, 75 Tex. Cr. R. 229, 170 S. W. 744; Flournoy v. State, 124 Tex. Cr. R. 395, 63 S. W. (2d) 558; Thompson v. State, 144 Tex. Cr. R. 321, 162 S. W. (2d) 728; Leonard v. State, 115 Tex. Cr. R. 234, 29 S. W. (2d) 750. The case last mentioned was affirmed, but the opinion on rehearing sets out the charges given applying the principles under discussion which prevented its reversal.

We have been unable to reach any other conclusion than that the court should in some appropriate language have responded to appellant's objections to the charge.

Appellant insists that under the undisputed facts the State

478

has made out no higher grade of offense than a simple assault. Upon their salient features the facts here present are quite similar to those found in Calvert v. State, (supra) in which a conviction for aggravated assault was reversed.

We express the gravest doubts as to whether the facts support a conviction for more than a simple assault, but do not go into a discussion of the facts at length, having predicated the reversal upon the question of the charge.

The judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a motion for a rehearing in which he desires this court to hold that the facts herein show only a simple assault; that such a holding would preclude the State's Attorney from trying appellant for anything higher than a simple assault in the event of a further trial.

We have no control over the County Attorney in his conduct of this case in the event of a further trial, nor do we have any knowledge of what proof he may offer upon a further trial hereof.

Under our original opinion herein, we reversed and remanded this cause, and this we conceive to be the extent of our authority in the matter.

Appellant's motion for rehearing is therefore overruled.