**Leonard Earl HENDRICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0297–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1987.

Michael B. Charlton, Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Jim Lindeman, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

### Opinion

COHEN, Justice.

A jury found appellant guilty of the third degree felony offense of theft, and the trial court assessed punishment at confinement for 10 years and a fine of $5,000.

Appellant, acting in his official capacity as Police Chief of Humble, Texas, requested the Humble City Council to allocate $50,000 in city funds to hire an undercover police officer to investigate narcotics dealing in Humble. The City Council approved the request and set up a special account

---

containing the $50,000 at Allied Humble Bank. When appellant requested an advance to be used in the operation, Georgia Fields, the City Secretary and custodian of the official records of the City of Humble, would issue a check payable to his order. Both Fields and the mayor of Humble were required to sign the checks from Allied.

Appellant then deposited the check from Allied into an account in his name at Guaranty Federal Savings and, in turn, issued checks or cash to Walker, the undercover officer. Appellant was the sole owner and the only person authorized to sign checks on the Guaranty Federal account and was not required to account for that money until the investigation ended. The money was to be used for the salary of the undercover officer, for investigation expenses, and for drug purchases.

At the end of the six-month operation, Fields requested that appellant provide her with all documentation necessary for an accounting. In response to this request, appellant personally delivered to Fields documents that became exhibits 23–103 at trial.

Appellant's records included canceled checks signed by appellant payable to Walker; canceled deposit slips on the Guaranty account; checks signed by appellant payable to Carol Alfred Distributing Co., the Windham Hotel, and VISA; a VISA purchase memorandum in appellant's name; a camera store invoice; a checking account withdrawal slip signed by appellant; a request to close the Guaranty account signed by appellant; handwritten receipts completed by appellant and signed by Walker, indicating that appellant had given Walker checks or cash; a cover page from a commercial receipt book; and an invoice from Carol Alfred Distributing Co. for the purchase of a drug testing kit. All of the endorsed exhibits were admitted during Fields' testimony.

Walker testified that he returned to the appellant several cash sums, specifically $1,500 on July 27, 1984, $2,200 on August 3, 1984, and $2,200 on August 27, 1984, and two uncashed checks, one for $3,000 and one for $1,500 on June 3, 1984. The two checks that Walker claimed to have returned uncashed, exhibits 40 and 41, contained both Walker's purported signature and appellant's signature, and had been cashed. Walker testified that he never signed those checks.

Proof of appellant's theft was established by: (1) Walker's testimony that he returned cash and uncashed checks to appellant; (2) Walker's testimony that two checks he returned uncashed to appellant contained forgeries of his signatures; (3) Carol Alfred's testimony that appellant's purported invoice from his company was forged and that his company did not sell drug testing kits; (4) appellant's admissions to the Bay City Police Chief and the City Manager of Humble; and (5) the absence of handwritten receipts or copies corresponding to the dates on which Walker claimed to have returned money to appellant.

■ In his first point of error, appellant contends that the trial court erred in admitting "bank records" without compliance with the business records exception to the hearsay rule, and that he was harmed because the records indicated that he never redeposited the cash and uncashed checks that Walker returned to him.

Appellant's complaint on appeal is limited solely to the bank records. He does not complaint on appeal of other evidence, including handwritten receipts, bills, and invoices that, along with "bank records," constituted exhibits 23 to 103. Thus, no point of error has been raised regarding exhibits 70–101 (handwritten receipts), 59 (VISA purchase memorandum), 60 (Total Camera bill), 102 (receipt book cover), and 103 (purported invoice from Carol Alfred Distributing Co.), none of which are bank records. The point of error pertains only to exhibits 23 to 58 and 61–69, which are canceled checks and deposit slips, a withdrawal slip, and an account close-out form, all from the Guaranty account.

Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted, and is generally inadmissible, unless the statement qualifies as an

exception. *Salas v. State*, 403 S.W.2d 440, 441 (Tex.Crim.App.1966).

We hold that appellant's non-verbal assertion in handing his records to Fields upon request constituted an admission that those were his true records of the narcotics operation. Every check bore his signature, as did the withdrawal slip and the close-out form. The writing on the deposit slips was presumably appellant's, in that he was the account's sole owner. No monthly statements, calculations, or other evidence compiled by the bank, or by anyone except appellant, was included in the challenged exhibits.

An admission is not hearsay; rather, it is defined as a statement offered against a party that is either "his own statement in either his individual or representative capacity," or "a statement of which he has manifested his adoption or belief in its truth." *See* Tex.R.Crim.Evid. 801(e)(2)(A) and (B). A statement is "an oral or written verbal expression," or can be nonverbal conduct "if it is intended by a person to be a substitute for verbal expression." *See* Tex.R.Crim.Evid. 801(a)(1) and (2).

The checks, deposit slips, withdrawal slip, and close-out form were admissible as admissions. Exhibits 23–58 and 61–69 were properly admitted. *See also Silva v. State*, 635 S.W.2d 775 (Tex.App.—Corpus Christi 1982, pet. ref'd) (holding that similar evidence was not offered for its truth and was not hearsay).

The first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred by failing to grant his motion to quash the indictment. Appellant asserts that the indictment is fundamentally defective because it failed to sufficiently describe the money taken by name, kind, number, and ownership, as required by Tex.Code Crim. P.Ann. art. 21.09 (Vernon Supp.1987).

The indictment provided that appellant "heretofore on or about April 30, 1984, June 3, 1984, July 27, 1984, and August 24, 1984 did then and there unlawfully appropriate, by acquiring and otherwise exercising control over property, namely money, owned by the CITY OF HUMBLE, ... with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant." The amount alleged stolen was "over seven hundred fifty dollars and under twenty thousand dollars."

An allegation of theft of money over $750 dollars and under $20,000 is sufficient as to value and description. *See Rovinsky v. State*, 605 S.W.2d 578 (Tex.Crim.App. 1980); *Moore v. State*, 659 S.W.2d 445 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

■ Appellant also claims the indictment is defective because it does not state which of his acts was unlawful. Similar attacks on indictments were rejected in *Beard v. State*, 140 Tex.Cr.R. 127, 143 S.W.2d 967 (1940), and *Romine v. State*, 722 S.W.2d 494 (Tex.App.—Houston [14th Dist.] 1986, pet pending). Moreover, *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986), held that the erroneous denial of a motion to quash is not reversible error unless the defendant was harmed. In *Adams*, full discovery before trial was held to have cured any possible harm. The present record reflects that pre-trial disclosure of the State's evidence was given to the defendant, and there is no showing that appellant was harmed.

The second point of error is overruled.

The judgment is affirmed.